[No. 4,312.]

## JOHN COVENY v. TITUS HALE.

FILING NOTICE OF MOVING FOR A NEW TRIAL.—A notice of intention to move for a new trial, must be filed within thirty days after the findings of fact are filed.

DECISION OF THE COURT—FACTS FOUND.—The decision mentioned in section 648 of the Code of Civil Procedure, an objection to which, on the ground of the insufficiency of the evidence to sustain it, must specify the particulars in which the evidence is alleged to be insufficient, is the facts found and conclusions of law drawn therefrom.

SPECIFICATION OF REASONS WHY NEW TRIAL SHOULD BE GRANTED.—A specification in a bill of exceptions as a reason why a new trial should be granted, "that the said judgment is contrary to the evidence in this," (then stating wherein), does not enable the Court to inquire whether the findings are justified by the evidence.

FINDING OF FACTS.—The Court, in finding the facts, may find either the ultimate facts, or such probative facts as enable the Court to declare that the ultimate facts necessarily result therefrom. A finding which is merely a recital of evidence, and does not conclusively establish the fact in issue, is not sufficient.

OBJECTIONS TO EVIDENCE.—If the papers in a case in Court are offered in evidence, a general objection that they are irrelevant, immaterial, and not proof of the fact in issue, is not well taken if some of the papers are admissible.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Cruz.

Action for the recovery of a promissory note given by Thomas Martin to the defendant, or order, for $800, with interest at one per cent. per month, dated November 25, 1872, and alleged to have been endorsed by the defendant to the plaintiff, and by the defendant afterwards wrongfully taken from the possession of the plaintiff. The Court made an order for judgment for the defendant, and that the plaintiff's attorney prepare and submit findings, on the 12th day of February, 1874. The finding of facts and conclusions of law was filed on the 10th day of March, 1874. Notice of intention to move for a new trial was served on the 11th day of March, 1874, and filed on the 11th day of April, 1874. The principal question under the pleadings was, whether the note had been the separate property of Eliza-

beth Coveny, wife of the plaintiff, or community property. The Court found the following facts:

"1. That in April, 1865, John Coveny intermarried with Elizabeth Coveny, at the town of Santa Cruz, in the county of Santa Cruz, in the State of California.

"2. That, at the time of her marriage with said plaintiff, the said Elizabeth had and was possessed of the sum of $500 in coin; that this was her separate money; was earned by her before the marriage with said plaintiff; that this money was placed by the said Elizabeth at the time of her marriage in the hands of F. A. Hihn, who loaned the money, for the benefit of the said Elizabeth; that said F. A. Hihn loaned out said money at interest for several months, and then, by request of said Elizabeth, loaned said money and interest to Huga Hihn, who kept the same at interest until he paid the same at the request of said Elizabeth to defendant as her agent.

"3. That defendant accepted said money as the separate money of said Elizabeth about the —— day of ————, 187–, and loaned out the same at interest for the benefit of said Elizabeth until the same had accumulated to the sum of eight hundred and twenty dollars.

"4. That on January ——, 1873, said defendant was the owner and holder of the promissory note in the complaint, and on that day he agreed with said Elizabeth to transfer said promissory note to her in consideration of said $820, which was then in the hands of said defendant.

"5. That on said last named date said defendant endorsed said note, and delivered the same to said Elizabeth, who accepted the same in lieu of said $820; said Elizabeth was then living with her husband, this plaintiff.

"6. That said Elizabeth kept said note in her exclusive possession and control from said last named date until two days before her death, when she made and executed her last will and testament in due form of law, and therein appointed said defendant her sole executor without bonds.

"7. That at the time of the execution of said last will and testament and immediately thereafter, said Elizabeth delivered said promissory note to said defendant.

"8. That said Elizabeth Coveny died at the said county of Santa Cruz, on May, 1873.

"9. That in June, 1873, said last will and testament of said Elizabeth was admitted to probate by the Probate Court of said county, and letters testamentary were issued by said Probate Court to said defendant, who duly qualified as such executor, and was, at the time of the commencement of this suit and yet is, such executor.

"10. That the estate of said Elizabeth is now, and was at the time of the commencement of this suit in process of settlement, in said Probate Court, and is yet unsettled; that said plaintiff never had possession of said promissory note; that said plaintiff never saw said promissory note; that said plaintiff did not know of the existence of said promissory note until after the death of said Elizabeth.

"11. That in the inventory and appraisement of said estate of said Elizabeth, filed in the said Probate Court, and now of record in said Probate Court, said promissory note is returned appraised and valued as the separate and only property of said Elizabeth.

"Upon the foregoing facts, the Court states the law to be that said plaintiff is not entitled to recover said promissory note, and that the same was, at the commencement of this action, in the lawful and proper custody of said defendant. It is ordered that plaintiff take nothing by this suit, and that the defendant has the rightful custody of said promissory note, and that defendant recover his costs and disbursements in this action, from said plaintiff, and judgment accordingly."

The plaintiff, in his bill of exceptions, specified the following as reasons why the judgment was erroneous, in addition to that stated in the opinion:

"1. The plaintiff excepts to the judgment of the Court herein entered, on the ground that it is not sustained by any findings of facts.

"2. That the Court erred in entering the judgment, and not finding any facts to sustain said judgment.

"3. That no findings of facts were filed, and that the judgment has no foundation, as findings were ordered to be filed."

On the trial, the defendant offered in evidence all the papers in the matter of the estate of Elizabeth Coveny, deceased, her last will and the inventory and appraisement of the estate. The note was mentioned in the inventory as separate property of Mrs. Coveny. The plaintiff objected, on the ground that they were irrelevant, immaterial, and were not proof of the fact that the note was the separate property of Elizabeth Coveny, deceased. The Court overruled the objection, and the plaintiff excepted. The plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*F. Adams,* for the Appellant.

*C. B. Younger,* for the Respondent.

By the Court, McKinstry, J.:

The notice of intention to move for new trial was not filed within thirty days after the "findings" were filed. (Code Civ. Proc. Sec. 659.) The motion for a new trial, therefore, was properly denied.

We cannot inquire whether the findings are justified by the evidence, because the bill of exceptions does not specify the particulars wherein the evidence is insufficient to sustain them. The question here is, not whether the findings support the judgment, but whether the evidence sustains the findings. The findings of fact are sufficient, first, when the ultimate facts on which the judgment immediately depends are found; second, when probative facts are found, and the Court can declare that the ultimate facts necessarily result from the facts which are found. When an exception is to the decision, on the ground of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient (Code Civ. Proc. 648). And the decision referred to in section 648 is the statement of facts found, and conclusions of law therefrom mentioned in section 633 of the same Code.

The only language in the bill which can be claimed to constitute a specification is: "The said judgment is contrary to the evidence in this, that the evidence shows that the money for which said note was given was common property." It is always safer to employ the language used in a statute, but it is not the only objection to the attempted specification, that the word "judgment" is substituted in it for the word "decision." It is evident that the specification—such as it is—is actually addressed to the general conclusion, and not to the findings of fact, or any of them. There is no finding in the transcript that the money for which the note was given was not common property, or that it was the separate property of the wife.

The Court found a series of facts from which the conclusion seems to have been drawn that the money was separate property, and from which such is the necessary conclusion, as a matter of law. The finding is, therefore, sufficient. The case would be different if there was merely a recital of evidence which would not conclusively establish that it was either common or separate property. The Court having detailed facts in its decision—from which the conclusion that the money was separate property was necessarily drawn—the particular facts found and claimed not to be supported by the evidence should have been specified in the bill of exceptions. The failure to do this was a failure to comply with the 648th section of the Code of Civil Procedure.

Of course, it is only when the conclusion follows as a matter of law (in other words, when the ultimate or issuable fact becomes a conclusion drawn from the lesser fact), that such a finding will be held sufficient. Ordinarily, the ultimate fact must be found by the District Court, and this Court will not assume the province of a jury, or of the trial Court, by deciding here for the first time what facts are established by the evidence.

The objection of the plaintiff to the papers in the matter of the estate of Elizabeth Coveny, deceased, was too broad. Some of the papers were unquestionably admissible.

Judgment and order affirmed.