[18099. Department One.—April 11, 1893.]

CYNTHIA A. COCKRILL, APPELLANT, v. THOMAS CLYMA ET AL., RESPONDENTS.

PARTIES—ACTION BY EXECUTRIX—SUBSTITUTION OF PLAINTIFF AS INDIVIDUAL— CONSENT — PRESUMPTION UPON APPEAL. — Where an executrix brought an action of trover in her representative capacity, and it appears from the findings in favor of defendants that both parties to the action admitted in open court at the trial that since the commencement of the action, and prior to the trial, a decree of distribution of the estate had been made, and the cause of action had been duly assigned to the plaintiff in her own right, and that since the decree of distribution the plaintiff had continued the action in her own interest and right, upon which admission the defendant had asked that the action be continued in plaintiff's name as an individual, and the court found, as conclusions of law, that the plaintiff should be substituted in her own name and right, and that defendant should recover costs against her individually, and entered an order and judgment accordingly, prefixing the order to the judgment, and the record upon appeal fails to show any objection by the plaintiff to the motion for substitution or exception to the order granting the substitution, it will be presumed upon appeal, in support of the order granting the substitution, that the plaintiff expressly consented thereto when the motion was made.

ID.— PRACTICE—ENTRY OF SUBSTITUTION UPON MINUTES—ORDER PREFIXED TO JUDGMENT—ERROR NOT APPEARING. — Although the correct practice is to enter an order of substitution of a party in the minutes as a distinct order made before judgment, yet the fact that such an order is prefixed to the judgment as a distinct order, and recorded in the judgment-book and made a part of the judgment-roll, is not inconsistent with its previous entry in the minutes of the court, and in such position 'it appears to have been made prior to the judgment, and does not affirmatively appear to have been erroneously made.

ID. — PRESUMPTION IN FAVOR OF ORDER. — If an order of the trial court is warranted by any possible state of facts not negatived by the record upon appeal, it must be presumed in justification of the order that such a state of facts existed.

APPEAL from a judgment of the Superior Court of Sutter County.

The facts are stated in the opinion of the court.

*Henry Sears*, for Appellant.

*M. E. Sanborn*, for Respondent.

The COURT. — Action in the nature of trover to recover damages for the conversion, by the defendants, of certain cattle.

In the original complaint, filed November 23, 1891, the plaintiff described herself as executrix of the will of Christopher Cockrill, deceased, who, she alleges, died on January 6, 1891, and whose will was probated and letters testamentary issued to her on January 31, 1891.

The cause of action alleged is: That on May 4, 1891, "the

plaintiff, as such executrix, was the owner and in the possession of" the cattle described, of the value of $1,268; that on that day the "defendants wrongfully took said property and converted the same to their own use, to the damage of the plaintiff, as such executrix, in the sum of $1,268"; and "that by reason of the detention of said property, the plaintiff, as such executrix, has been further damaged in the sum of $250"; for the sum of which damages she prays judgment.

The answer denies the alleged ownership and possession of the cattle by plaintiff as such executrix, or in any other capacity or character; but does not deny the alleged death of Christopher Cockrill, the probate of his will, nor the appointment and qualification of plaintiff as executrix.

The case was tried by the court; and of the twenty-one findings of fact, the 6th, 7th, and 8th are as follows:—

"6. That since the commencement of this action, and prior to the trial thereof, to wit, on the —— day of ————, 1892, the said superior court of said Yuba County duly made its order and decree in the matter of the estate of said Christopher Cockrill therein pending, finally distributing the entire estate of said Christopher Cockrill, deceased, to the persons entitled thereto, according to law and the terms of the last will and testament of said deceased; by which said order and decree the causes of action alleged in the complaint herein were duly assigned to the said Cynthia A. Cockrill, plaintiff herein, in her own right;

"7. That since the decree last above referred to, said plaintiff, Cynthia A. Cockrill, has continued this action in her own right and interest;

"8. That all the foregoing facts were admitted to be true in open court by the parties hereto, and defendants have asked the court that this action be continued in the name of said Cynthia A. Cockrill."

On all the issues made by the pleadings the findings were in favor of defendants.

As conclusions of law the court found: "(1) That said Cynthia A. Cockrill should be substituted as plaintiff herein in her own name and right; (2) that the defendants are entitled to judgment against said Cynthia A. Cockrill for their costs therein."

The judgment, after reciting the trial and submission of the cause, and that written findings had been filed, proceeds as follows : —

"Wherefore, it is by the court now considered, ordered, and adjudged that said Cynthia A. Cockrill, in her own name and right, be and she is hereby substituted as plaintiff herein, in lieu of the said Cynthia A. Cockrill, executrix of the estate and will of Christopher Cockrill, deceased.

"It is further ordered and adjudged that the defendants, Thomas Clyma and William Clyma, do have and recover of and from said plaintiff, Cynthia A. Cockrill, their costs of suit herein, taxed at $81.75.                         E. A. DAVIS,

"Judge of said Court."

The plaintiff, "C. A. Cockrill," appeals from this judgment on the judgment-roll, without a bill of exceptions.

The appellant contends that the court erred in substituting as party plaintiff, Cynthia A. Cockrill simply, for Cynthia A. Cockrill in her representative character as executrix, etc., whereby she was made personally liable for defendants' costs, taxed at $81.75.

There is no substantial merit in this point. Beyond question, the facts found made a proper case for the substitution, under section 385 of the Code of Civil Procedure. By the decree of distribution of the estate of Christopher Cockrill, pending this action, the entire cause of action had been assigned to Cynthia A. Cockrill, who, since said decree, *had continued the action in her own right and interest.* Upon the admission of these facts by both parties in open court at the trial, the defendants asked that the action be continued in the name of Cynthia A. Cockrill. No objection appears to have been made to this motion, and the record does not show whether any order of the court upon the motion was entered in the minutes; but the court found the facts thus admitted by the parties to be true, and as a conclusion of law therefrom found that the substitution should be made; and on the same day made the order of substitution. As a matter of correct practice, this order should have been entered in the minutes as a distinct order made before judgment; but the fact that it is an order prefixed to the judgment and recorded in the judgment-book and made a part of the

judgment-roll, is not inconsistent with its previous entry in the minutes of the court.   In its position in the judgment it appears to have been made prior thereto, and as distinct from the judgment as if it had been separately entered in the minutes of the court.

It is incumbent upon the appellant to make it affirmatively appear that error was committed by the court below.   The record herein does not show that any objection was made to the defendants' application for the substitution, or that the order was excepted to by the plaintiff.   It appears from the findings that at the trial she did admit all the facts proper for making the order of substitution, and in addition to this admitted that since the decree of distribution she had actually continued the action "in her own right and interest."   Under these circumstances we are authorized to assume in support of the action of the court that when the defendant made the motion she expressly consented to the order.   If the order was warranted by any possible state of facts not negatived by the record, it must be presumed in justification of the action of the court that such state of facts existed.   (*Caruthers* v. *Hensley*, 90 Cal. 560.) "All presumptions are in favor of the correctness of the proceedings of courts of general jurisdiction, and as the consent of the defendants [plaintiff] would have justified the order of the court, we must presume that such consent was given, there being nothing in the record to show that it was not." (*Parker* v. *Altschul*, 60 Cal. 380.)

The judgment is affirmed.

Hearing in Bank denied.