[Sac. No. 308.    Department Two.—April 28, 1898.]

CHARLES KAHN, Respondent, v. R. M. WILSON, Executor, etc., Appellant.

APPEAL—NEW TRIAL—NOTICE OF INTENTION.—The notice of intention to move for a new trial is not a part of the record on appeal, and need not appear therein. If, as a matter of fact, there was no notice as a basis of the motion in the court below, that fact must be affirmatively shown by the appellant, and he must cause it to be included in a statement or proper bill of exceptions.

ID.—APPELLANT'S FINAL BRIEF.—Unless good cause appears therefor, an appellant will not be allowed to discuss new points in his final brief, and points so raised will not be considered.

APPEAL from an order of the Superior Court of Stanislaus County granting a new trial.    William O. Minor, Judge.

The facts are stated in the opinion of the court.

Maddux & Stonesifer, for Appellant.

Reinstein & Eisner, and W. H. Hatton, for Respondent.

McFARLAND, J.—This action was brought to foreclose two certain mortgages.    The court below rendered judgment in favor of plaintiff, foreclosing one of the mortgages, and directed that the action abate as to the other mortgage.    Upon motion of the plaintiff the court granted a new trial, and from the order granting a new trial the defendant appealed.

There appears in the transcript a "bill of exceptions on motion for a new trial"; to this there is attached an acknowledgment of service by the counsel for defendant in these words: "Service of above proposed bill of exceptions and motion for a new trial herein in due time is hereby acknowledged"; and there is also attached a certificate of the judge of the lower court "that the above and foregoing bill of exceptions is true and correct, and the same is hereby settled and allowed as true and correct."    There is no copy of the notice of the motion for a new trial in the record, and the sole point made by appellant in his opening brief is that the record does not show that any notice of intention to move for a new trial was ever given, nor the grounds for any motion for a new trial, and that therefore the court had no jurisdiction over the motion.    This contention cannot be main-

tained. . The code does not make a notice of motion for a new trial a part of the judgment-roll, nor does it require that said notice shall appear anywhere in the record; and it has been definitely settled by this court that "the notice of intention to move for a new trial is not a part of the record on appeal, and need not appear therein." (*Pico v. Cohn*, 78 Cal. 384; *Gage v. Downey*, 79 Cal. 140; *Scott v. Wood*, 81 Cal. 398; and *Southern Pac. R. R. Co. v. Superior Court*, 105 Cal. 84.) If, as a matter of fact, there was no notice as a basis of the motion in the court below, that fact must be affirmatively shown by the appellant, and he must cause it to be included in a statement or proper bill of exceptions. This proposition was thoroughly discussed and settled in *Pico v. Cohn, supra,* and has been frequently approved by this court in other cases.

In what is called "Appellant's brief in reply" the point above stated is substantially conceded, and appellant proceeds to argue other questions. Respondent objects to the consideration of these new points thus made; and we think that his objection is good, and that the said reply brief cannot be considered. We do not mean to say that an appellant might not be allowed in exceptional cases to discuss new questions in his final brief. He might be allowed to do so upon an application showing meritorious reasons why the points were not made in the opening brief. Such application might be based upon sickness, inadvertence, or other excusable neglect. But in the case at bar no reason whatever is given for this departure from the ordinary method of presenting a case in this court. If the practice were allowed without any substantial reason, it would lead to great irregularity and delay. In such event the respondent, of course, could justly demand the right to file an additional brief, and the course of the argument by brief would be radically changed.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.