[Civ. No. 1111.   First Appellate District.—November 29, 1912.]

## CHARLES M. ROUSSEAU and ARTHUR F. ROUSSEAU, Copartners etc., Respondents, v. MORRIS COHN, Appellant.

APPEAL—REVIEW OF INSUFFICIENCY OF EVIDENCE—GENERAL SPECIFICATION—PARTICULARS REQUIRED—EXCEPTION — PARTICULAR FINDING ASSAILED AS WHOLLY UNSUPPORTED.—Upon appeal from a judgment and from an order denying a new trial, where insufficiency of the evidence is relied upon for a reversal, a general specification "that the evidence is wholly insufficient to justify a judgment in favor of the plaintiffs," is improper, as not in compliance with section 648 of the Code of Civil Procedure, requiring a specification of the particulars wherein the evidence is insufficient to justify the decision.   But where a particular finding is assailed as being wholly without evidence to support it, a more particular specification is not required.

ACTION FOR SERVICES OF ARCHITECTS—COMPLIANCE WITH CONTRACT—PREVENTION OF COMPLETE PERFORMANCE — REMEDY — REASONABLE COMPENSATION AND DAMAGES.—In an action for the services of architects, who prepared plans and specifications for the construction of a building, and found a builder, as stipulated, who would construct the building within the price agreed, who furnished a satisfactory bond for the performance of the contract, as required, and the architects had thus complied with the terms of their contract, but the defendant refused to permit the architects to proceed further, they are entitled to recover reasonable compensation for the services performed, and the damages arising from a prevention of complete performance.

ID.—STIPULATION FOR ACCEPTANCE OF PLANS AND SPECIFICATIONS IN WRITING—WAIVER — ACCEPTANCE AS SATISFACTORY — FAILURE TO COMPLAIN.—Although the contract with the architects called for approval of the plans and specifications in writing, that provision was waived where the evidence shows that they were approved by the defendant as satisfactory and he wholly failed to complain thereof at any time, or upon appeal.

ID.—PROVISION FOR APPROVAL OF CONTRACTOR—ARBITRARY REJECTION NOT ALLOWED—OBJECTION NOT SHOWN IN RECORD.—Under a provision for the approval of the contractor by the defendant, the defendant is given no right to reject such contractor arbitrarily, where there is nothing in the record to show that the contractor was in any sense objectionable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Schlesinger & Shaw, for Appellant.

tum Suden & tum Suden, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment against the defendant and from an order denying his motion for a new trial in an action for services rendered by plaintiffs as architects.

Defendant relies for a reversal of the judgment and order upon the insufficiency of the evidence. The only specification of such insufficiency is "That the evidence is wholly insufficient to justify a judgment in favor of the plaintiffs." We think, with the plaintiffs, that this is not a compliance with section 648 of the Code of Civil Procedure, requiring a specification of the particulars wherein the evidence is insufficient to justify the decision. (*Matter of Baker,* 153 Cal. 537, [96 Pac. 12]; *Meek* v. *Southern Cal. Ry. Co.,* 7 Cal. App. 607, [95 Pac. 166]; *Porter* v. *Counts,* 6 Cal. App. 551, [92 Pac. 655].) But as defendant claims that there is an entire absence of evidence to support the finding assailed—in which event he asserts that a specification of particulars is unnecessary (*San Luis Water Co.* v. *Estrada,* 117 Cal. 168-184, [48 Pac. 1075])—we have examined the evidence, and will therefore rest our decision upon the principal point in the case, without further noticing respondents' claim that the specification set forth above is entirely insufficient.

Plaintiffs prepared plans and specifications for the construction of a building to be erected in San Francisco; a builder was found who would construct the building for less than fourteen thousand dollars, and who furnished at once a satisfactory bond for the performance of his contract. As all these things were according to the terms of plaintiffs' contract with defendant, they were entitled—the defendant having refused to permit them to proceed further—to recover a reasonable compensation for services already rendered, and the damages arising from a prevention of complete performance.

It is true that the contract also stipulated that the plans and specifications were to be accepted by the defendant in writing, and that the contractor was to be satisfactory to defendant. But while the plans and specifications were not accepted by the defendant in writing, the evidence introduced by plaintiffs shows that they were satisfactory to him and were approved by him; and this is doubtless true, for the defendant does not even now complain of the plans and specifications. While, as just stated, a provision of the contract was that the defendant was to be satisfied with the contractor, this did not give the defendant a right to reject a builder arbitrarily; and there is not a word of evidence in this record to show that this contractor was in any sense objectionable. His bid was just a little within the figure which the defendant agreed to pay for the erection of the building, and he provided a good bond for the faithful performance of that contract. In fact, according to the witnesses for the defendant, his only excuse for failing and refusing to permit the plaintiffs to perform their part of the contract was that he had heard some rumors that if the plaintiffs were permitted to proceed with the work, the contract would be violated and the defendant involved in the annoyance and expense of litigation.

In brief, there is evidence in the record to sustain the view that the defendant, without good reason, refused to permit the plaintiffs to complete their contract, which they were willing and able to do. It follows that the judgment and order of the trial court should be affirmed, and it is so ordered.

Lennon, P. J., and Hall, J., concurred.