[Civ. No. 3731.  Second Appellate District, Division One.—January 6, 1922.]

## AGNES McLAIN, Respondent, v. LLEWELLYN IRON WORKS (a Corporation), Appellant.

[1] Workmen's Compensation Act—Death of Employee—Gross Negligence—Action at Law—Dependent Mother.—The dependent mother of an employee whose death was due to injuries received in the course of his employment is not entitled under the Workmen's Compensation Act to bring an action at law for damages for his death upon the theory that the injury was the result of gross negligence on the part of the employer, since section 12 of such act restricts the right of action to the injured employee.

[2] Id.—Action for Death from Wrongful Act—Code Provision Superseded.—Section 376 of the Code of Civil Procedure, which provides that a father or, in case of his death or desertion of his family, the mother may maintain an action for the injury or death of a minor child caused by the wrongful act or neglect of another, must be read and construed in the light of subsequent legislation embodied in the Workmen's Compensation Act, section 12 of which provides that recovery pursuant to the provisions of the act shall be the exclusive remedy against an employer for the death of an employee in those cases where the conditions of compensation specified therein exist.

[3] Id.—Action for Death of Minor Employee—Pleading—Insufficient Complaint.—Where the complaint in an action by a dependent mother for the death of her minor son shows the existence of the relation of employer and employee, and that at the time of the injury the deceased was performing service growing out of and incidental to his employment, and that such service was the proximate cause of the injury, no cause of action is stated, in the absence of an allegation showing the employment to have been within the excepted classes of labor contained in section 14 of the Workmen's Compensation Act.

[4] Pleading — Statutory Actions — Compliance With Requirements.—In statutory actions the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John M. York, Judge.  Reversed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Goodwin & Morgrage and L. E. Thompson for Respondent.

THE COURT.—The sole question involved herein is the sufficiency of the complaint, to which the court overruled a general demurrer interposed by defendant. No answer was filed within the time allowed therefor; whereupon judgment was entered in favor of plaintiff, from which defendant has appealed.

It appears from the amended complaint that at all the times mentioned therein the defendant was a corporation owning and operating certain machinery for the construction and manufacture of structural iron and divers other steel and iron products; that on August 24, 1917, plaintiff was the mother of Walter McLain, who was seventeen years and ten months old, and upon whom, by reason of her husband's desertion of his family, she was dependent for her living and support; that on said date "the said Walter McLain was in the employ of the defendant corporation, at Torrance, and was then and there actually employed in performing certain work and in rendering certain services allotted to him under the instruction and supervision of a foreman and agent of the said defendant corporation, and while performing said services and work and incidental to his employment he occupied a position and place where he was directed to perform and was performing said services as an employee of the said defendant under an electric crane built of steel and iron, and of great weight, and operated in such a manner and over such a structure and in such an unsafe and dangerous manner and position and in such a negligent and reckless manner, that without any fault on the part of said plaintiff's son, said electric crane left the rails or support upon which it was operated and fell upon said plaintiff's son in such manner that the weight thereof crushed him and injured him and in consequence of such injury so received by him the said plaintiff's son died." "That plaintiff is informed and believes, and upon such information and belief alleges the fact to be that the defendant, its elective officers, its foreman and all of its employees in charge of the operation of said electric crane,

knew the same was placed in an unsafe and dangerous position and was then operated in such a manner that it was liable to leave the structure supporting the same, and was liable to fall therefrom to and upon the body and person of said plaintiff's son at the place where he was directed to perform such services. That said crane fell upon and killed the said son of plaintiff on August 24, 1917, because of the gross negligence of defendant and its officers and agents in the operation of said crane on said day.'' Followed by an allegation that, in consequence of the death of her said son, plaintiff has lost his companionship and support, to her damage in the sum of twenty-five thousand dollars.

The contention of appellant is that upon the facts alleged plaintiff's sole and exclusive right to recover compensation is under and pursuant to the provisions of the Workmen's Compensation Act (Stats. 1913, p. 283), section 12, as amended in 1915. (Stats. 1915, p. 1079.)

The portions of the act pertinent to a consideration of the case as argued by counsel are the following:

Section 12 of the act provides that ''liability for the compensation provided by this act, in lieu of any other liability whatsoever to any person, shall, without regard to negligence, exist against an employer for any personal injury sustained by his employees arising out of and in the course of the employment and for the death of any such employee if the injury shall proximately cause death, in those cases where the following conditions of compensation concur: (1) Where, at the time of the injury, both the employer and employee are subject to the compensation provisions of this act. (2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment as such. (3) Where the injury is proximately caused by the employment, either with or without negligence, and is not so caused by the intoxication or the willful misconduct of the injured employee. (*b*) Where such conditions of compensation exist, the right to recover such compensation pursuant to the provisions of this act, shall be the exclusive remedy against the employer for the injury or death, except that when the injury was caused by the employer's gross negligence or willful misconduct and such act or failure to act causing such injury was the

personal act or failure to act on the part of the employer himself, or if the employer be a partnership on the part of one of the partners, or if a corporation, on the part of an elective officer or officers thereof, and such act or failure to act indicated a willful disregard of the life, limb, or bodily safety of employees, any such injured employee may, at his option, either claim compensation under this act or maintain an action at law for damages.'' Section 13 provides that ''the term 'employer' as used in sections twelve to thirty-five, inclusive, of this act shall be construed to mean,'' among others, any corporation which ''has any person in service under any appointment or contract of hire, or apprenticeship, express or implied, oral or written, and the legal representatives of any deceased employer.'' Section 14, as amended (Stats. 1915, p. 913), provides: ''The term 'employee' as used in sections twelve to thirty-five, inclusive, of this act shall be construed to mean: every person in the service of an employer as defined by section thirteen hereof under any appointment or contract of hire, or apprenticeship, express or implied, oral or written, including aliens and also including minors, but excluding any person whose employment is both casual and not in the usual course of the trade, business, profession or occupation of his employer, and also excluding any employee engaged in farm, dairy, agricultural, viticultural or horticultural labor, in stock or poultry raising or in household domestic service,'' and also excluding ''any person holding an appointment as deputy clerk, deputy sheriff or deputy constable appointed for the convenience of such appointee, who receives no compensation from the county or municipal corporation or from the citizens thereof for services as such deputy.''

It is apparent that the pleader in preparing the complaint sought to allege facts bringing the case within the exception contained in subdivision (*b*) of section 12, which gives to an employee who survives his injuries the right, at his option, to sue for damages where the injury is the result of gross negligence on the part of a corporation, due to the act or omission of its elective officers, and where such act or failure to act indicates a willful disregard of the life and safety of its employee. The first briefs filed by counsel for the respective parties are devoted entirely to a

discussion of the sufficiency of the complaint when measured by the language of the exception embodied in subdivision (*b*) so referred to. We may concede the allegations of the complaint bring the case within the exception which would have entitled the deceased, had he survived his injuries, to have maintained an action for damages. Plaintiff, however, while the dependent mother of deceased, was clearly not an injured employee, to whom alone is the option given to bring an action for damages in lieu of claiming compensation under the act which in express terms restricts the right of action to *"such injured employee."*

Assuming this to be true, counsel for respondent, in a second brief filed, contends that such authority is found in section 376 of the Code of Civil Procedure, which provides, ''a father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child, . . . when such injury or death is caused by the wrongful act or neglect of another,'' and insists that under this section the complaint states a cause of action in plaintiff.

His argument is that, conceding the complaint shows that the relation of employer and employee existed between defendant and deceased and a concurrence of the conditions of compensation as prescribed in subdivisions 1, 2, and 3 of section 12 of the Workmen's Compensation Act, and conceding that where such conditions exist the right to recover compensation pursuant to the provisions of the act shall, as declared in subdivision (*b*) thereof, be deemed the exclusive remedy against an employer for the death of an employee, and while section 14 provides that the term ''employee'' shall be construed to mean every person in the service of an employer as defined in section 13, nevertheless it in express terms excepts therefrom those persons whose employment is both casual and not in the ordinary course of the business of the employer and those injured in farm, dairy, and other specified callings; hence it is claimed that, since the contrary is not alleged, we must, in support of the judgment rendered by a court of general jurisdiction, indulge in the presumption that deceased was engaged in labor the nature of which excluded him from the operation of the provisions of the Compensation Act, citing *Cockrill v. Clyma,* 98 Cal. 123 [32 Pac. 888].

[1] The argument is ingenious, though not convincing. The right to recover in such cases did not exist at common law. (*Kramer* v. *Market St. R. R. Co.,* 25 Cal. 435.) It is purely statutory, and while counsel for respondent concedes that except for the statute plaintiff has no right to maintain the action, he insists the right is given by section 376 of the Code of Civil Procedure. [2] This section, however, must be read and construed in the light of subsequent legislation embodied in the Workmen's Compensation Act, section 12 of which provides that recovery pursuant to the provisions of the act shall be the exclusive remedy against an employer for the death of an employee in those cases where the conditions of compensation specified therein exist. [3] In our opinion, the allegations of the complaint are sufficient to show the concurrence of these conditions of compensation, namely: the existence of the relation of employer and employee; that at the time of the injury the deceased was performing service growing out of and incidental to the employment, and which was the proximate cause of the injury resulting in death. (*Dominguez* v. *Pendoia,* 46 Cal. App. 220 [188 Pac. 1025].) Hence plaintiff's right to recover is under and by virtue of the provisions of the act, which, save as to employees engaged in the excepted classes of labor, supersede the provisions of section 376 of the Code of Civil Procedure. Therefore, the section, in so far as applicable to the instant case, must be read as though it restricted the right of action for damages to those cases only in which the deceased employee was engaged casually or in the capacity of a dairyman, horticulturist, *et cetera.* Unless so engaged plaintiff's remedy is clearly under and pursuant to the Workmen's Compensation Act. Under section 376 of the Code of Civil Procedure, no cause of action is vested in the mother, if married, except upon a showing that her husband had abandoned his family. To constitute a cause of action in her favor such fact must be alleged; it cannot be assumed. And since in the instant case no right of action for the death of her son was vested in the mother, unless he was employed casually or in the excepted classes of labor, such facts, since her right depended thereon, cannot be assumed, but must likewise be alleged. [4] It is a well-settled principle of law that in statutory actions the party suing must

bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his complaint; otherwise no cause of action is stated. (*Dye v. Dye,* 11 Cal. 163; *Rhoda* v. *Alameda County,* 52 Cal. 350; *Barker* v. *Hannibal etc. R. R. Co.,* 91 Mo. 86 [14 S. W. 280].)

Our conclusions are, first, that in no event has plaintiff any right of action under the provisions of the Workmen's Compensation Act for the death of her son; and, second, that where the conditions of compensation prescribed by subdivisions 1, 2, and 3 of section 12 of the act are, as in the instant case, shown to exist, no cause of action is stated by a complaint, in the absence of allegations showing the employment to have been within the excepted classes of labor mentioned in section 14 of the act, and that in the absence of such showing we cannot presume the existence of such facts in support of the judgment. In our opinion, the demurrer should have been sustained.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* was acting.