[Civ. No. 19926.   Second Dist., Div. Two.   Mar. 17, 1954.]

EDOUARD RICHARD et al., Appellants, v. ANNA RICHARD et al., Respondents.

John A. Jorgenson for Appellants.

Halverson & Halverson for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court in an action for partition, plaintiffs appeal.

We do not pass upon the merits of the appeal in this case for the reason that appellants' opening brief wholly fails to meet the requirements of rule 15(a), Rules on Appeal, 36 Cal.2d 1, 15. Rule 15(a) reads thus:

''Each point in a brief shall appear separately under an appropriate heading, with subheadings if desired. Such headings need not be technical 'assignments of errors' but should

be concise headings which are generally descriptive of the subject matter covered. The statement of any matter in the record shall be supported by appropriate reference to the record. Every brief shall be prefaced by a topical index of its contents and a table of authorities, separately listing cases, statutes, court rules, constitutional provisions, and other authorities."

In the instant case the only attempt to comply with this rule in appellants' opening brief is this statement, "The evident is insufficient to support the judgment."

■ Where there are several findings of fact, as in the instant case, a general assignment of error that the judgment is not supported by the evidence is insufficient to call to the appellate court's attention the correctness of any particular finding of fact.

■ The rule is accurately stated in California Jurisprudence 2d (1952), Appeal and Error, section 481, page 313, thus: "The headings should not only show the points involved in the appeal but should be so stated as to compel a reversal in the event that the points stated in the headings are well taken."

■ A judgment supported by a verdict or findings cannot be assailed on the ground that it is not supported by the evidence so long as the verdict or findings remain undisturbed. The attack must therefore be not upon the judgment directly but upon the verdict or findings. Specifications as to the insufficiency of such evidence must be directed to material findings of fact. (*Cf. Coveny* v. *Hale,* 49 Cal. 552, 555; *Rosseau* v. *Cohen,* 20 Cal.App. 469, 478 [129 P. 618].)

■ Error is never presumed, but must be affirmatively shown. (See cases cited 3 Cal.Jur.2d (1952), Appeal and Error, § 260, ns. 10 and 11, p. 781.) It is incumbent upon an appellant to make it affirmatively appear that error was committed by the trial court. (*Cockrill* v. *Clyma,* 98 Cal. 123, 126 [32 P. 888] ; *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806 [241 P.2d 639].) It is likewise settled that appellant has the burden of showing error. (*Blair* v. *Williams,* 109 Cal.App.2d 516, 519 [4] [240 P.2d 1043].)

■ It is the duty of counsel to comply with the provisions of rule 15(a), Rules on Appeal, supra. The provisions of this rule are not mere technical requirements, but are prescribed for the purpose of facilitating disposition of cases upon appeal and directing the court's attention to the specific errors of law alleged to have been committed by the trial

court. ■ Not only must an appellant raise the point in his brief properly but he must point out the error specifically showing accurately wherein the lower court's action is deemed erroneous. (See cases cited in 4 Cal.Jur.2d (1952), Appeal and Error, § 480, n. 4, p. 311.)

In the present case in appellant's opening brief he does not meet any of the above requirements. It merely recites various bits of evidence which were received and the brief writer's opinion that the evidence does not support the *judgment*. Clearly neither this court nor opposing counsel was informed of defendants' contentions. Therefore having failed to sustain the burden cast upon him of pointing out any error in the decisions of the trial court the judgment must be affirmed.

■ It is the general rule, which is here applicable, that matters presented for the first time in an appellant's closing or reply brief will not be considered by an appellate court. (*Graner* v. *Hogsett*, 84 Cal.App.2d 657, 662 ■ [191 P.2d 497] (hearing denied by the Supreme Court); *Monk* v. *Ehret*, 192 Cal. 186, 190 [4] [219 P. 452] ; *Hibernia Sav. & Loan Soc.* v. *Farnham*, 153 Cal. 578, 584 [96 P. 9, 126 Am. St.Rep. 129] ; *Kahn* v. *Wilson*, 120 Cal. 643, 644 [53 P. 24].) The obvious reason for this rule is that opposing counsel is not afforded an opportunity of answering the contentions of the appellant or of assisting the appellate court by furnishing it with the benefit of research, and in the case of questioned findings of fact, references to the record where evidence might be found in support of such findings.

Affirmed.

Moore, P. J., and Fox, J., concurred.