Filed 11/26/13  Singh v. Wells Fargo Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| BALBIR SINGH, | C070609 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201100257029CUORSTK) |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants and Respondents. | |

In this real estate case, plaintiff Balbir Singh sued two banks after he and his wife lost a parcel of real property in a trustee's sale.  The trial court ultimately sustained the banks' demurrers without leave to amend and dismissed Singh's action.

On appeal, we conclude that Singh has failed to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on the banks' demurrers.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

So far as we can discern from the rambling allegations of Singh's second amended complaint, aided by various documents that Singh referenced as exhibits in that

1

complaint and other documents the trial court took judicial notice of at his request, the material facts are as follows:

In March 2009, Singh and his wife, Swaran Kaur, purchased a parcel of real property on Daffodil Hill Street in Lathrop (the property) using the proceeds of a $159,600 loan that Kaur obtained from defendant Provident Savings Bank (Provident) that was secured by a deed of trust on the property. Singh did not sign the promissory note for the loan but was a signatory on the deed of trust because he and Kaur took title to the property as joint tenants.[1]

In April 2009, Kaur was advised that the servicing of the loan was being transferred from Provident to defendant Wells Fargo Bank (Wells Fargo) and that Wells Fargo would begin servicing the loan effective May 1, 2009.

In November 2009, a notice of default was recorded on the property based on the alleged failure to pay the loan payment due August 1, 2009, and the subsequent installments due thereafter, plus late charges. The notice indicated that the amount due was $2,864.20 and would increase until the account became current. Around this same time, Provident formally assigned its interest in the note and deed of trust to Wells Fargo.

In early December 2009, Wells Fargo returned two checks that had been tendered because the amount of the checks -- which corresponded to the regular monthly payment amount ($1,478.13) -- was not sufficient to cover the total amount due on the account and thereby cure the default. Soon thereafter, Wells Fargo returned a third check -- this one in the amount of $5,628.01 -- for the same reason. By this time, Kaur had been advised

---

[1] Various documents relating to the loan -- for example, the final itemization of settlement costs -- identified Singh as a borrower on the loan, but the promissory note itself, which Singh referenced in his complaint, shows that in fact Kaur was the only borrower.

that $8,451.98 was due to cover the amount incurred and anticipated to be incurred by December 30.

On December 28, 2009, Singh obtained a cashier's check for $7,493.79 and transmitted it to Wells Fargo. Thereafter, on February 2, 2010, Singh obtained a cashier's check for $1,478.13 and transmitted it to Wells Fargo. On February 24, Kaur was provided with a reinstatement quote that showed that even with credit for those two payments, $4,796.99 was still owed for amounts incurred and anticipated to be incurred by March 9. Meanwhile, around this same time a trustee's sale of the property was noticed for March 10.

On March 9, Singh obtained a cashier's check for $2,956.26 (twice the regular monthly payment) and transmitted it to Wells Fargo. That check was returned to him on March 12 with a notation that the property was sold on March 10. Soon thereafter, a trustee's deed upon sale was executed, and later recorded in April, transferring title to the property to a third party who apparently purchased it for a penny more than the unpaid debt owed on the property.

In April 2010, Kaur filed an complaint against Wells Fargo asserting 12 causes of action related to the sale of the property. Kaur later filed a first amended complaint alleging 14 causes of action.

In July 2010, the court sustained Wells Fargo's demurrer to the first amended complaint in Kaur's action with leave to amend. Thereafter, Kaur filed a second amended complaint, and in October 2010 the court sustained Wells Fargo's demurrer to that complaint without leave to amend. The formal order from that ruling was not entered until January 4, 2011. The next day, the court denied Kaur's motion to file a third amended complaint and ordered the case dismissed with prejudice. Judgment of dismissal was entered on January 14, 2011.

On January 26, 2011, Singh commenced the present action by filing a complaint of more than 200 pages against Wells Fargo and Provident alleging 19 causes of action

3

related mostly to the sale of the property.[2] Five days later, Singh filed a first amended complaint that was largely the same as the original one. Wells Fargo removed the case to federal court because Singh's complaint alleged a cause of action under federal law. In July 2011, the federal court dismissed the federal claim because Singh was not a borrower on the loan and remanded the remaining causes of action to state court.

Singh moved twice for leave to file a second amended complaint, but the court denied both motions. Meanwhile, Provident and Wells Fargo separately demurred to the first amended complaint. While Wells Fargo's demurrer was still pending, the trial court ruled on Provident's demurrer, sustaining the demurrer without leave to amend as to the first, fifth, sixth, seventh, eighth, ninth, 10th, 11th, 13th, 16th, and 19th causes of action, and sustaining it with leave to amend as to the second, third, fourth, 12th, 14th, 15th, 17th, and 18th causes of action.

Three days before the hearing on Wells Fargo's demurrer, Singh filed a second amended complaint, now alleging 22 causes of action. As a result, the trial court decided that Wells Fargo's demurrer to the first amended complaint was moot.

Wells Fargo demurred to the second amended complaint, asserting (among other things) that Singh's action was barred by the doctrine of res judicata by virtue of the judgment of dismissal in Kaur's action. Soon thereafter, Provident demurred to the causes of action the trial court had given Singh leave to amend and moved to strike the causes of action the trial court had denied Singh leave to amend.

The trial court sustained Wells Fargo's demurrer as to all of Singh's causes of action without leave to amend. In doing so, the court pointed out that it had previously sustained a demurrer (Provident's) without leave to amend as to the 11th, 12th, 13th,

_____

**2** What purported to be the 20th cause of action was merely a claim for punitive damages.

4

15th, 16th, 17th, 18th, 19th, and 22nd causes of action, which were numbered differently in the first amended complaint.

Following the ruling on Wells Fargo's demurrer, Singh did not oppose Provident's demurrer or its motion to strike. Accordingly, the trial court sustained the demurrer without further leave to amend and granted the motion to strike.

The trial court entered a judgment of dismissal in favor of Wells Fargo, and Singh timely appealed. Subsequently, the trial court entered a judgment of dismissal in favor of Provident as well, and Singh also timely appealed that judgment.

## DISCUSSION

## I

### *Overview*

In support of his appeals, Singh has filed a 140-page opening brief and 61-page reply brief, both of which are largely incomprehensible. In challenging a judgment, the appellant bears the burden of affirmatively demonstrating trial court error by an adequate record. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712; *Richard v. Richard* (1954) 123 Cal.App.2d 900, 902.) The appellant must present legal analysis and supporting authority for each point asserted and must support each argument with appropriate citations to the record on appeal. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673 fn. 3.) In addition, the appellant must present each point in its briefs under an appropriate heading, showing the nature of the question to be presented. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.) This is not a mere technical requirement, but an important rule of appellate procedure "designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of

5

being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

Here, the trial court ultimately sustained defendants' demurrers to all of Singh's various causes of action without leave to amend for failure to state a cause of action as well as for uncertainty.[3] "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.' " (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) It is important to emphasize, however, that "[o]n appeal, [the] plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. . . . Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

What this means is that Singh bears the burden on appeal of persuading us, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, that his complaint was not unintelligible and that he clearly alleged therein facts sufficient to establish every element of each cause of action he pled, and that the trial court erred in concluding otherwise. As we will explain, Singh has not met this burden.

---

[3]     A pleading can be deemed uncertain if it is unintelligible. (Code Civ. Proc., § 430.10, subd. (f).)

## II

### *Breach Of Oral Promise And Promissory And Equitable Estoppel*

Turning to the argument section of Singh's opening brief, the first appropriate heading we find is one that (essentially) asserts it was error for the trial court to sustain defendants' demurrers to the causes of action for breach of oral contract (what Singh calls promise) and promissory and equitable estoppel. Accordingly, we turn first to those causes of action.

Singh alleged breach of oral contract as the fifth cause of action in his first amended complaint, promissory estoppel as the sixth, and equitable estoppel as the seventh. Provident demurred to those causes of action on the ground that Singh's allegations related to the recordation of the notice of default, the subsequent communications regarding reinstatement, and the foreclosure sale, in which Provident had no involvement. The trial court sustained Provident's demurrer to those causes of action without leave to amend. On appeal, Singh does not suggest any error in this ruling. Accordingly, we turn to these causes of action as they were directed at Wells Fargo in the second amended complaint (which is the focus of Singh's argument).

In his cause of action for breach of oral contract in his second amended complaint, Singh alleged he had a binding oral agreement with Wells Fargo that if he paid $7,493.79, Wells Fargo would reinstate the loan and halt the foreclosure; he made that payment; but Wells Fargo breached the agreement by failing to reinstate the loan.

In his cause of action for promissory estoppel, Singh alleged that Wells Fargo promised to reinstate the loan if he sent a $5,628.01 check to cure the default, and he did so, but Wells Fargo returned the check claiming it did not represent the amount due. Singh also alleged that Wells Fargo promised to reinstate the loan if he sent a cashier's check for $7,493.79, which he did, and Wells Fargo accepted that check but refused to rescind the notice of default, even though Wells Fargo also accepted the subsequent check for $1,478.13 as well. Singh further alleged that after the notice of trustee's sale

7

was issued, Wells Fargo promised to reinstate the loan if he paid the regular monthly payments for February and March 2010 ($2,956.26), with payment of the costs of foreclosure to follow within 10 days, and he paid the initial amount, but Wells Fargo did not stop the foreclosure.

Singh's cause of action for equitable estoppel was based on the very same allegations as his cause of action for promissory estoppel.

In demurring to Singh's cause of action for breach of oral contract, Wells Fargo argued that any agreement to modify the terms of a loan secured by real property must be in writing, signed by the lender. As to the cause of action for promissory estoppel, Wells Fargo argued that promissory estoppel cannot be employed to avoid the statute of frauds where the borrower alleges only payment of money. Finally, with respect to the cause of action for equitable estoppel, Wells Fargo argued that that doctrine operates only defensively and cannot be used as a basis for affirmative relief.

With the foregoing points in mind, we turn to Singh's arguments on appeal, but when we do we find that his arguments do not address Wells Fargo's points. Singh does not argue, let alone provide any authority to support the arguments: (1) that a loan secured by real property can be orally modified; (2) that promissory estoppel can be used to avoid the statute of frauds when such an alleged oral modification is at issue; or (3) that equitable estoppel can serve as a valid cause of action. In the absence of any such, Singh has failed carry his burden of showing error in the trial court's sustaining of the demurrer to his causes of action for breach of oral contact, promissory estoppel, and equitable estoppel.

### III

### *Fraud*

The next appropriate heading in Singh's opening brief asserts that the trial court erred in sustaining the demurrers to his causes of action based on fraud. The argument that appears under that heading, however, which amounts to a single paragraph, does not

speak to the concept of fraud at all.  Instead, Singh contends only that the trial court "erred in failing to conclude that the debtors' three-month reinstatement period provided by Civ. Code, § 2924 (time for curing default in payments on note secured by deed of trust) had not expired."  The single paragraph argument under this heading fails to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers.

IV

*Conversion*

Singh next asserts that the trial court erred in sustaining the demurrers "as there was unlawful Conversion."  (Bold text and underlining omitted.)  His entire argument on this point is as follows:  "Where evidence on the face of the record established conversion as to Cashier's Check and the interest in the real property as a matter of law and fact, it [is] the duty of the Superior Court to set it as a conversion, and the status of the Appellant and their legal capacity to sue are irrelevant.  There was, therefore, an error in failing to find the evidence of facts required to support for sustaining the respondents' demurrers, and subsequent granting of dismissal was manifestly erroneous.  Superior Court did err in granting the Demurrers as to the Cause based on Conversion."

This argument fails to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers.

V

*Unjust Enrichment*

Singh next asserts that the trial court erred in sustaining the demurrers "as there was unjust enrichment."  (Bold text and underlining omitted.)  In support of this assertion, however, all Singh does is describe the doctrine of unjust enrichment and then baldly assert that the trial court erred "in failing to find the evidence of facts required to

9

support for sustaining the respondents' demurrers." This is not sufficient to carry Singh's burden on appeal as previously articulated.

## VI

### *Waiver*

Without reference to any particular part of the material facts alleged in his complaint, Singh asserts (essentially) that by accepting amounts that Singh paid without protest, Wells Fargo waived any claim, or was estopped from claiming, that the amounts were insufficient. In support of this argument, Singh cites Code of Civil Procedure section 2076.[4] Singh fails to explain, however, with suitable legal analysis, how this provision supports a cause of action in his favor against Wells Fargo such that the trial court erred in sustaining Wells Fargo's demurrer without leave to amend. Accordingly, Singh has again failed to meet his burden on appeal.

## VII

### *Improper Notice Of Sale/Fraud*

Singh next asserts that the trial court erred in sustaining various fraud-related causes of action and "erred in failing to determine that Notice of Sale was improper," but the argument he offers in support of these assertions is unintelligible. Once again, Singh has failed to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers.

---

[4] "The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards."

10

## VIII

*Negligence*

In his next heading, Singh asserts that the trial court erred in sustaining the demurrers as to the "Cause of Negligence." (Bold text and underlining omitted.) We note, however, that Singh did not plead a cause of action for negligence in his complaint, and in fact, in the body of the argument that follows under this heading, what Singh actually asserts is that the trial court erred in sustaining the demurrers as to seven different causes of action ranging from breach of the covenant of good faith and fair dealing to intentional infliction of emotional distress. In any event, the only argument under this heading is as follows: "In an action by homeowner under a deed of trust to certain real estate brought for Negligence and denying the opportunity to **cure**, an essential prerequisite to challenging the foreclosure sale or in alternative the damages is the ability to tender the amount of the indebtedness or **cure** the default, the Superior Court did err as a matter of law, it did avoid to find the prerequisite that, A necessary valid and viable tender of payment to pay all amounts to be due and owing in order to **cure** their default, had made a tender sufficient to satisfy the requirements of the law and that itself Wells Fargo received that timely and accepted that post default payment and retained it." Obviously, this argument does not show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers.

## IX

*Restitution*

Singh argues that the trial court erred in failing to order Wells Fargo to make restitution for the cashier's check he remitted to Wells Fargo. Essentially the gist of his argument appears to be that he is entitled to restitution of the funds he remitted because Wells Fargo did not apply them to their intended purpose, which was to cure the default. Singh, however, does not identify any authority that supports his argument, and he does

11

not point to any intelligible allegations in his complaint that stated a cause of action for which restitution would have been an available remedy.  From what we can determine from Singh's rambling allegations and the various documents, at best Singh sent money to Wells Fargo believing it was enough to cure the default but it never was.  While Wells Fargo returned the initial payments as insufficient, Wells Fargo kept two later payments and applied them against the amounts owed, but because those payments were not enough to cure the default, the property was nonetheless sold at the trustee's sale.  Singh fails to explain how these facts give rise to a right of restitution.  Once again, he has failed to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers.

## X

### *Evidentiary Rulings*

Singh complains that the trial court's failure to provide any explanation for its overruling of his evidentiary objections was reversible error, but he fails to identify with appropriate citations to the record:  (1) any evidentiary objections that he made; and (2) any rulings the court made on any such objections.  Accordingly, we need not address this point further.

## XI

### *Promissory Estoppel Again*

Having already addressed the issue of promissory estoppel as previously discussed, Singh nonetheless spends another 20 pages arguing the issue again.  In doing so, however, Singh *never* addresses the argument Wells Fargo made in the trial court, which the trial court presumably accepted:  that promissory estoppel cannot be employed to avoid the statute of frauds with respect to an alleged oral agreement to modify a loan secured by real property where the borrower alleges only payment of money.  The following principles are relevant here:

12

"A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent. . . .

"[A] . . . deed of trust . . . comes within the statute of frauds. . . .

"[¶] . . . [¶]

"[A forbearance agreement], though not creating, renewing, or extending [a] note and deed of trust, d[oes] modify them.  An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds.  [Citations.]  A modification of a contract is a change in the obligations of a party by a subsequent mutual agreement of the parties. . . .

"[¶] . . . [¶]

" '[B]efore a party can be estopped to assert the statute [of frauds] due to the other's part performance, it must appear that a sufficient change of position has occurred so that the application of the statutory bar would result in an unjust and unconscionable loss, amounting in effect to a fraud.  [Citations.] . . .  The payment of money is not "sufficient part performance to take an oral agreement out of the statute of frauds" . . . .'

"[¶] . . . [¶]

"[Also, t]he principle that full performance takes a contract out of the statute of frauds has been limited to the situation where performance consisted of conveying property, rendering personal services, or doing something other than payment of money." (*Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552-556.)

From *Secrest*, it is apparent that the statute of frauds prevents enforcement of any alleged oral promise by Wells Fargo to modify the obligations secured by the deed of trust to which Singh was a party where Singh's only performance was the payment of money.  While Wells Fargo cited *Secrest* in the trial court and cites it again on appeal, Singh has consistently ignored that authority and the principles for which it stands.  In

13

doing so, Singh has again failed to demonstrate any error in the trial court's sustaining of the demurrers.

## XII

### *Conversion Again*

Just as he returned to the subject of promissory estoppel, Singh returns to the subject of conversion. Just as before, however, he fails to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on defendants' demurrers. From all that can be determined, Singh paid Wells Fargo money that was owed on the obligation secured by the deed of trust that he had signed, but that money was never enough to cure the default, so the property subject to the deed of trust was sold to fully satisfy the indebtedness. Singh has failed to show that he has a legal right to recover the money he paid, albeit in vain.[5]

### DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                    ROBIE            , J.
We concur:


       RAYE           , P. J.


       MURRAY         , J.

---

[5] Because we conclude Singh has failed to show any error in the sustaining of the demurrers based on the merits of the various causes of action, we need not address whether the trial court's ruling could be affirmed, at least as to Wells Fargo, on res judicata principles based on the dismissal of his wife's substantially similar lawsuit.

14