Filed 8/17/20  Marriage of Rostam CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of SHARLET and JOSEPH SARGIS ROSTAM. | |
| SHARLET ROSTAM, Respondent, v. JOSEPH SARGIS ROSTAM, Appellant. | F077944 (Super. Ct. No. 430651) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Jack M. Jacobson, Judge.

Joseph Sargis Rostam, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

## FACTUAL AND PROCEDURAL BACKGROUND

Father appeals from an order denying a request for modification of an existing child custody and visitation order.  Father filed his request for modification of the order on April 2, 2018, seeking joint legal custody, with physical custody to mother and

---

[*]     Before Hill, P.J., Poochigian, J. and Smith, J.

expanded visitation for father. The matter was heard, and the request was denied on August 9, 2018. Because father has not identified or demonstrated any legally cognizable error in the order, we affirm.

## DISCUSSION

On appeal, the judgment is presumed correct and the burden is on the appellant to affirmatively demonstrate error. (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) The appellant must raise claims of reversible error and present argument and authority on each point made. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) The appellant also bears the burden of providing an adequate record to demonstrate the claimed error. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

An appellant's brief must "[p]rovide a summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C)), and support each reference to a matter in the record by citation to the page of the record on which it appears (Cal. Rules of Court, rule 8.204(a)(1)(C)). Father's brief contains a statement of the case, a statement of appealability, and a statement of facts, all of which assert purported facts without any reference to the appellate record. There is no reference to the page in the record on which any of the asserted facts appear.

An appellant's brief also must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority" (Cal. Rules of Court, rule 8.204(a)(1)(B)). Father has not complied with this requirement. The heading above his argument section does not summarize his legal point. The section is simply labeled "ARGUMENT."

"It is incumbent upon an appellant to make it affirmatively appear that error was committed by the trial court." (*Richard v. Richard* (1954) 123 Cal.App.2d 900, 902.) An appellant must comply with the rules requiring the appellant's brief to summarize points under appropriate headings in order to facilitate disposition of cases on appeal and direct the court's attention to specific errors of law the appellant contends were committed by

2.

the trial court. (*Id.* at pp. 902–903.) "Not only must an appellant raise the point in his brief properly[,] but he must point out the error specifically showing accurately wherein the lower court's action is deemed erroneous." (*Id.* at p. 903.)

Father's argument section accuses all those involved in his case "such as clerk, secretary to the judge, mediator, mediator supervisor and lastly the sheriff department" of abusing their authority and "always assuming the fathers are guilty no matter what is taking place in the court room." Father's argument fails to point out, in the heading or in the body of the argument section, what specific legal error he believes the trial court made in rendering its order. He has not addressed the legal standards applicable to modification of child custody and visitation orders. He has not demonstrated, using the facts and documents in the record, that the trial court erred in denying modification of the existing order.

We are aware of father's frustration with the perceived nonresponsiveness of the courts to his concerns. We emphasize that the role of the appellate court is not to redecide the issues presented to the trial court. Our task is to review the proceedings in the trial court for legal error. (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667; *Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 791.) In doing so, we are required to follow the rules set forth above.

We also note that mother's failure to file a respondent's brief does not affect our determination. "[W]e do *not* treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but examine the record, appellant's brief, and any oral argument by appellant to see if it supports any claims of error made by the appellant." (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

## DISPOSITION

The order appealed from is affirmed. Respondent made no appearance; therefore, no costs will be awarded.