Filed 2/27/14 (unmodified opn.attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LEONARD CHAIDEZ et al., | |
| Plaintiffs and Appellants, | C065913 |
| v. | (Super. Ct. No. 07CS01248) |
| BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael P. Kenny, Judge.  Affirmed.

Law Offices of John Michael Jensen and John Michael Jensen for Plaintiffs and Appellants.

Peter H. Mixon and Wesley E. Kennedy for Defendants and Respondents.

_____

* Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III-IV.

1

THE COURT:

It is ordered that the opinion certified for partial publication, filed herein on February 3, 2014, be modified to reflect that part II will be included in the publication. The changes will be as follows:

1.  Page 1, the footnote numbered with an asterisk will now end with the words: with the exception of parts III-IV.

2.  Page 7, remove the asterisk after heading II.

This modification does not effect a change in the appellate judgment.

FOR THE COURT:


          NICHOLSON         , Acting P.J.


          ROBIE         , J.


          MAURO         , J.

Filed 2/3/14 (unmodified version)

CERTIFIED <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LEONARD CHAIDEZ et al., | |
| Plaintiffs and Appellants, | C065913 |
| v. | (Super. Ct. No. 07CS01248) |
| BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael P. Kenny, Judge.  Affirmed.

Law Offices of John Michael Jensen and John Michael Jensen for Plaintiffs and Appellants.

Peter H. Mixon and Wesley E. Kennedy for Defendants and Respondents.

---

[*]  Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II-IV.

1

Plaintiff Leonard Chaidez worked as a full-time employee for plaintiff City of Hawaiian Gardens (the City) from 1988 until 1997, ultimately earning $7,374 per month as city administrator. Chaidez became a "miscellaneous" member of the Public Employees' Retirement System (PERS) during that employment. Later, Chaidez served as an elected member of the City Council of Hawaiian Gardens from 1999 until 2007, receiving compensation of $721.85 per month, during which time he became an "optional" member of PERS.

Chaidez thought his retirement benefits would be based on his highest salary (his city administrator salary) multiplied by all his years of service, including his years on the city council. But respondent Board of Administration of PERS (the Board) determined that while Government Code sections 20037 and 20042[1] governed the calculation of Chaidez's time as a City employee, his time as an elected official was instead governed by section 20039.[2] Accordingly, the Board determined that the statutory scheme required PERS to calculate Chaidez's retirement benefits on a bifurcated basis: his time as a City employee would be calculated using his highest employee salary, and his time on the city council would be calculated separately using his highest compensation as an elected official. The bifurcated calculation resulted in retirement benefits that were lower than Chaidez had expected.

---

[1] Undesignated statutory references are to the Government Code.

[2] Section 20039 provides in relevant part: "Notwithstanding any other provision of this part, 'final compensation' of a local member for the purpose of determining any pension or benefit resulting from state service as an elective or appointed officer on a city council or a county board of supervisors accrued while in membership pursuant to Section 20322, shall be based on the highest average annual compensation earnable by the member during the period of state service in each elective or appointed office. Where that elective or appointed service is a consideration in the computation of any pension or benefit, the member may have more than one final compensation."

2

Chaidez and the City filed petitions for writ of administrative mandamus (Code Civ. Proc., § 1094.5) and writ of mandate (Code Civ. Proc., § 1085) in the trial court, challenging the Board's determination. After numerous demurrers and amended pleadings, the trial court ultimately entered judgment in favor of the Board.

Chaidez and the City assert on appeal that Chaidez is entitled to higher pension benefits because PERS did not timely inform him of the bifurcated calculations required by section 20039. Specifically, Chaidez and the City contend (1) PERS has a constitutional fiduciary duty to provide information to its members, and that duty trumps statutory requirements; (2) PERS is equitably estopped from applying section 20039; (3) section 815.6 negates any governmental immunity derived from section 818.8; and (4) the trial court erred in dismissing their constitutional challenge to section 20039.[3]

The contentions lack merit. In the published portion of this opinion, we conclude the calculation of pension benefits is governed by statute, and Chaidez is only entitled to the retirement benefits he actually earned. On this record, nothing in the California Constitution bars PERS from applying the governing statutes in a bifurcated manner to calculate Chaidez's retirement benefits. In the unpublished portion of this opinion, we conclude the doctrine of equitable estoppel does not apply here, nor does section 815.6. Chaidez has forfeited his constitutional challenge to section 20039.

Chaidez and the City have not established error. Accordingly, we will affirm the judgment.

---

[3] Chaidez and the City also assert arguments regarding standing, claiming the trial court erred in ruling that they did not have a beneficial interest in issuance of a writ, and they did not show that they came within the public right exception. Because we are not bound by the trial court's reasoning or legal conclusions, we will reach the merits, and we will reject the substantive appellate contentions on the basis that they lack merit.

BACKGROUND

The trial court set forth the facts as they had been determined by the administrative law judge and established by the pleadings. We summarize those facts here:

While Chaidez was employed by the City from 1988 until 1997, he was a full-time miscellaneous non-elected member of PERS whose 12-month period of highest earnings was $7,374 per month. When he separated from the City, he did not cash out his retirement contributions, remaining a miscellaneous member of PERS. He was elected to the city council in March 1999 and served as a member of the council until he retired in November 2007. As a councilmember, his highest rate of pay was $721.85 per month. In July 1999, Chaidez completed an application to become an optional member of PERS because, as the application disclosed, elective officers were otherwise excluded from PERS membership. Chaidez received service credit for retirement purposes for the time period he served as an elected official.

From the time he was first employed by the City, Chaidez received annual member statements from PERS outlining his service credit and estimated retirement benefits. The statements were not always consistent and did not all contain the same information; some provided only general information and others provided specific estimates. Chaidez believed his retirement formula was a function of his highest rate of pay times the number of service years, including the time he served as an elected official, and would be computed using the higher rate of pay he earned as city administrator and not the lower rate of pay he earned as a member of the city council. When some of his annual member statements showed lower-than-expected retirement income applying his city council pay, he began working with PERS to revise the computation to what he believed was the proper retirement benefit.

Eventually, PERS informed Chaidez that section 20039 would impact the calculation of his retirement benefit. Application of section 20039 reduced Chaidez's anticipated retirement benefits by approximately 40 percent.

4

Chaidez sought administrative review, asserting, among other things, that PERS breached its fiduciary duty and that PERS was equitably estopped from applying section 20039 in this case. An administrative law judge recommended denial of Chaidez's administrative appeal, and the Board adopted the administrative decision as its own in June 2008.

Chaidez and the City filed writ petitions in the trial court pursuant to Code of Civil Procedure sections 1085 and 1094.5, and also sought other relief. The trial court denied traditional writ relief because Chaidez and the City failed to identify any clear and present duty and did not plead facts establishing a "public right" exception. The trial court also denied the petition for administrative mandamus, concluding that PERS, in the words of the seminal California Supreme Court opinion on the subject, "utterly lack[ed] the power to effect that which an estoppel against it would accomplish."[4]

DISCUSSION

I

Chaidez and the City generally assert on appeal that Chaidez is entitled to higher pension benefits because PERS did not timely inform him of the bifurcated calculations required by section 20039. In their first contention they specifically assert that PERS has a constitutional fiduciary duty to provide information to its members, a duty that trumps the statutory requirements.

Chaidez and the City cite a portion of California Constitution, article XVI, section 17, subdivision (b), which says that "[a] retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty." They also cite language from this court's opinion in *City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29 (*City of Oakland*), in which this court said "PERS has a

---

[4] *City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 499.

5

fiduciary duty to provide timely and *accurate* information to its members." (*Id*. at p. 40, original emphasis.) But *City of Oakland* involved the retroactive reclassification of local employees, a situation not present here. And in making that statement, this court cited *In re Application of Smith* (Mar. 31, 1999) PERS Prec. Dec. No. 99-01, which involved an employee's choice between pension plans. *Smith* in turn cited *Hittle v. Santa Barbara County Employees Retirement Assn*. (1985) 39 Cal.3d 374, which involved a worker who withdrew his negligible retirement contributions after a workplace injury because no one told him that he could qualify for a significant disability retirement benefit. (*Id*. at pp. 381-382.) Hittle's membership in a pension system was reinstated on appeal because the pension fund had provided an explanation of benefits that was "tantamount to the misrepresentation and concealment" prohibited by the statute governing trust relationships generally. (*Id*. at pp. 393-394.) All of those cases are inapposite to the circumstances in this case.

There is evidence in the record that PERS provided timely information about section 20039 to Chaidez and the City.[5] The controlling issue here, however, is not whether PERS provided sufficient information, but whether the California Constitution

---

[5] PERS sent a 1994 circular to the City explaining section 20039. The circular said "elected or appointed officers may now have more than one final compensation period. . . . One final compensation period will be the highest one or three year compensation earned for the elected officer position and the other will be for the non-elected position." A similar explanation was included in the PERS Procedures Manual under " 'Optional' Members." The City's human resources manager testified that the manual was there when he started working for the City several years before Chaidez retired and that the City received annual updates for it. The administrative law judge found that Chaidez served as city administrator and acted as personnel officer for the city from 1993 to 1997. There is also evidence that Chaidez had been communicating with PERS for years regarding the calculation of his retirement benefits, and that he was not satisfied with the answers he was receiving from PERS.

6

bars PERS in this case from applying section 20039.  Chaidez and the City have not established any such constitutional bar.

The *City of Oakland* decision should be read to mean that the Constitution imposes on PERS a duty to " 'ensure the rights of members and retirees to their full, earned benefits.' "  (*City of Pleasanton v. Board of Administration* (2012) 211 Cal.App.4th 522, 544 [quoting *City of Oakland, supra*, 95 Cal.App.4th at p. 46).  But the statutory scheme governs the scope of the benefits earned.  (*City of Pleasanton, supra,* 211 Cal.App.4th at p. 544.)  "Pension provisions should be broadly construed in favor of those who were intended to be benefited thereby [citations], but they cannot be construed so as to confer benefits on persons not entitled thereto."  (*Stamper v. City of Los Angeles* (1947) 80 Cal.App.2d 242, 244.)

The constitutional mandate by which PERS operates does not include an overlay of fiduciary obligations justifying an order to pay greater benefits than the statutes allow.  In other words, the Constitution does not give Chaidez a right to benefits he did not earn.  The trial court did not ignore the supremacy of constitutional law and it did not err in denying the requested relief.

## II*

Chaidez and the City next contend PERS is equitably estopped from applying section 20039.  They claim the trial court misapplied the doctrine of equitable estoppel by ignoring the balancing test set forth in *City of Long Beach v. Mansell, supra,* 3 Cal.3d 462 (*Mansell*).

In *Mansell*, hundreds of real estate parcels had been conveyed and developed for decades before it was determined that the parcels were within public tidelands with uncertain borders due to changes in water flow and the deposit of sand and silt.  (*Mansell, supra,* 3 Cal.3d at pp. 469-472.)  Because the state holds title to tidelands in trust for public purposes, the tidelands could not be freely conveyed.  (*Id.* at p. 482.)  But in an effort to remove the cloud on the titles to the properties, the state and the City of Long

Beach negotiated agreements disclaiming state and public interests in the land. (*Id.* at p. 467.) When city employees refused to implement the agreements on the ground that they violated prohibitions against alienation of state-owned tidelands, the city petitioned the California Supreme Court to issue a writ of mandate compelling the employees to perform their ministerial duties with regard to the agreements. (*Id*. at p. 467-468.) The city argued that the state and the city should be equitably estopped from asserting paramount title because it would result in manifest injustice. (*Id*. at p. 487.)

The Supreme Court in *Mansell* reiterated the general elements for equitable estoppel: (1) the party to be estopped was apprised of the facts, (2) the party to be estopped intended by conduct to induce reliance by the other party, or acted so as to cause the other party reasonably to believe reliance was intended, (3) the party asserting estoppel was ignorant of the facts, and (4) the party asserting estoppel suffered injury in reliance on the conduct. (*Mansell, supra,* 3 Cal.3d at p. 489.) Acknowledging the "rare combination of government conduct and extensive reliance" by the homeowners who reasonably believed they owned the land under their homes, the Supreme Court issued the requested relief but emphasized that the precedent was extremely narrow. (*Id*. at p. 500-501.)

In the public pension context, equitable estoppel has been applied to redress "widespread, long-continuing" misrepresentations. (*Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 28.) But "no court has expressly invoked principles of estoppel to contravene directly any statutory or constitutional limitations." (*Ibid*.; *Medina v. Board of Retirement* (2003) 112 Cal.App.4th 864, 869.) And yet that is the relief Chaidez and the City seek here. No court has applied equitable estoppel in this context. Chaidez and the City describe this as an issue of first impression, but it is in reality a contention that has been rejected.

Chaidez and the City suggest this case is comparable to the circumstances in *Crumpler v. Board of Administration* (1973) 32 Cal.App.3d 567. Crumpler and other

8

animal control officers were incorrectly classified as "safety" members. (*Id*. at pp. 571-573.) Crumpler was a sworn officer of a police department; he had a police badge and uniform, carried a gun and was trained in the use of firearms. (*Id*. at p. 572.) He was informed when he was hired that he would be entitled to a policeman's benefits. (*Id*. at p. 572.) He paid higher safety member pension contributions for 20 years and in other ways relied on his employer's consistently erroneous representations. (*Id*. at 582.) PERS subsequently determined that Crumpler and the other animal control officers should have been classified as "miscellaneous" members with lower benefits. (*Id*. at p. 571-573.) Although the Court of Appeal applied equitable estoppel to prevent PERS from retroactively reclassifying the officers, the court declined to apply estoppel to preclude PERS from reclassifying the members prospectively pursuant to the statutory requirements. (*Id*. at pp. 584-585.)

*Crumpler* is consistent with the proposition we have already articulated, that estoppel does not apply to contravene statutory requirements. On this record, PERS is not estopped to apply the applicable statutes.

III*

Chaidez and the City further assert that section 815.6 negates any governmental immunity derived from section 818.8.

Section 818.8 provides that a public entity is not liable for injuries caused by negligent or intentional misrepresentations made by employees of the public entity. Thus, even if PERS employees had misrepresented the calculation of Chaidez's retirement benefits, PERS could not be held liable. Immunity applies regardless of the way the matter is pleaded if the claim is based on "reliance upon misinformation communicated to [the plaintiff] by the government." (*Jopson v. Feather River Air Quality Management Dist.* (2003) 108 Cal.App.4th 492, 498.) The claims in this case fall squarely within that definition.

9

Chaidez and the City nonetheless rely on section 815.6 to overcome immunity. Section 815.6 provides that where a public entity is under a mandatory duty imposed by an enactment designed to protect against a particular kind of injury, the public entity is liable if its failure to discharge that duty causes that kind of injury, unless the public entity establishes that it exercised reasonable diligence.

As we have already explained, however, the constitutional duties asserted by Chaidez and the City do not bar application of the statutory requirements, and do not give Chaidez a right to benefits he did not earn. Thus, Chaidez has not established a cognizable injury,[6] and section 815.6 does not apply. Any fiduciary duty owed by PERS "does not make it an insurer of every retirement promise contracting agencies make to their employees." (*City of Pleasanton v. Board of Administration, supra*, 211 Cal.App.4th at p. 544.)

IV*

In addition, Chaidez and the City claim the trial court erred in dismissing their constitutional challenge to section 20039. But because they merely refer to briefs filed in

---

[6] Chaidez and the City do not claim that Chaidez would have refused to serve his community as an elected official if he had known about the benefits afforded elected officials. The administrative law judge concluded Chaidez did not seek office because of statements by PERS about potential retirement benefits, nor was there evidence Chaidez would have left office if his retirement benefits were not as he understood.

10

the trial court, this contention is forfeited on appeal.  (California Rules of Court, rule 8.204(a)(1)(B); *Balesteri v. Holler* (1978) 87 Cal.App.3d 717, 720.)

## DISPOSITION

The judgment is affirmed.


               MAURO           , J.


We concur:


          NICHOLSON        , Acting P. J.


          ROBIE            , J.