Filed 7/17/17; Certified for Publication 8/15/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| DENNIS PONTE, | C079180 |
| Plaintiff and Appellant, | (Super. Ct. No. 12CV38597) |
| v. | |
| COUNTY OF CALAVERAS, | |
| Defendant and Respondent. | |

Plaintiff Dennis Ponte is asking defendant County of Calaveras (County) to pay him over $150,000 to reimburse him for work purportedly performed on the County's behalf pursuant to an oral contract. The contract did not contain any fixed payment, and no bid was submitted--far less approved--pursuant to relevant county ordinances governing public contracts. Ponte disregarded opportunities to abandon his claims after the County provided him with pertinent legal authority demonstrating that his claims lacked merit. After multiple sustained demurrers, the trial court granted summary judgment to the County on Ponte's third amended complaint. The court later awarded

1

substantial attorney fees, finding Ponte's claims--including those based on promissory estoppel--were not brought or maintained in both subjective *and* objective good faith.

Ponte appeals. We shall affirm.

## BACKGROUND

The record on appeal begins in the middle of a somewhat complex lawsuit. This appeal deals with but a small segment of that suit.[1] Viewing the facts in Ponte's favor, in 2011 "a land failure" occurred at the intersection of Fricot City Road and Ross Thornton's driveway. Thornton hired a geotechnical engineer to evaluate the problem, and that evaluation revealed the problem was under the road, an area within the County's responsibility. Ponte alleges "it was agreed" with a county employee that the engineer would submit an estimate to the County, but since Ponte "was on site with his equipment," he would "expedite" the work. Ponte presented a bill for his services, which was rejected because, inter alia, he had not contracted in compliance with a plethora of County ordinances.

After much litigation--including cross-claims not relevant on appeal--the trial court granted the County summary judgment, and later awarded the County $65,000 in attorney fees, pursuant to Code of Civil Procedure section 1038.[2] After a judgment was entered, Ponte timely appealed.

---

[1] We begin by noting with disapproval the paucity of pertinent record citations throughout Ponte's opening brief, which contains key passages either devoid of any citations, or containing inadequate citations, placing an unfair burden on this court. This same flaw is apparent in the reply brief. Where factual assertions are not supported by adequate record references, we may deem them forfeited. (See *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; Cal. Rules of Court, rule 8.204(a)(1)(C) [a brief must "Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Further, we disregard new claims raised or suggested in the reply brief. (See *Kahn v. Wilson* (1898) 120 Cal. 643, 644; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 102.)

[2] Undesignated statutory references are to the Code of Civil Procedure.

# DISCUSSION

## I

## *Summary Judgment*

### A. *Standard of Review*

In reviewing an order granting summary judgment, we (1) ascertain the pleaded issues, which outline the perimeter of materiality, (2) view the movant's evidence strictly, and (3) view the opponent's evidence liberally, to determine if material factual disputes remain, warranting a trial. (See *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381-382.) "[W]e determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of a trial." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

However, we may bypass the strict "three-step paradigm for summary judgments" where, as here, there are no disputes about the record. (*Crow v. State of California* (1990) 222 Cal.App.3d 192, 196; see *Jimenez v. Roseville City School Dist.* (2016) 247 Cal.App.4th 594, 597.) Further, where the briefing agrees on factual or procedural matters, we may accept those matters as conceded. (See, e.g., *Fremont Comp. Ins. Co. v. Sierra Pine* (2004) 121 Cal.App.4th 389, 394; *County of El Dorado v. Misura* (1995) 33 Cal.App.4th 73, 77.)

Under the heading "The Motion for Summary Judgment should have been denied," Ponte presents nearly 12 pages of disjointed contentions, with no clear identification of where one ends and one begins. It appears to us that he makes three separate arguments under this heading, which we address seriatim.

### B. *Failure to Grant a Continuance*

Ponte first claims the trial court should have granted him a continuance because of purported discovery problems. We reject this claim for three reasons.

First, the claim is not fairly embraced by the heading.  (See *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 852, fn. 5; *id.* at p. 858, fn. 9.)

Second, this portion of Ponte's opening brief is devoid of record citations and any discussion of the appropriate standard of review.  (See *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465 ["Failure to acknowledge the proper scope of review is a concession of a lack of merit"].)  Therefore Ponte has not fulfilled his duty to make a coherent legal argument, supported by record citations, demonstrating error.  (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Third, as County points out, and the trial court found, Ponte never properly sought a continuance.  His counsel did not file an affidavit showing good cause for a continuance.  (See § 437c, subd. (h) ["If it appears *from the affidavits submitted in opposition* to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, *for reasons stated*, be presented, the court shall . . . order a continuance . . . or make any other order as may be just" (italics added)]; *Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1269, 1270 ["counsel's supporting declaration did not explain why the information in the requested documents was essential . . . or why additional time was needed"]; *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100, 101 ["the application did not contain the requisite declaration indicating in good faith the essential facts . . . and the reasons those facts could not be presented in opposition to the motion"].)  Counsel's declaration opposing summary judgment described discovery issues and authenticated exhibits, but gave no reason for a continuance.  In his points and authorities, counsel did argue the summary judgment motion should be "dismissed" because of purported discovery irregularities.  However, the arguments of counsel in a motion are not a substitute for *evidence*, such as a statutorily required affidavit.  (Cf. *Beagle v. Vasold* (1966) 65 Cal.2d 166, 176; *Estate of Pittman* (1980) 104 Cal.App.3d 288, 295.)

C. *Promissory Estoppel*

Ponte next discusses only one of his pleaded causes of action, by explaining that the others "were there primarily for incorporation into the Promissory Estoppel Cause of Action," and he then defends that theory alone.[3] In such circumstances, we deem all other theories of recovery to be abandoned. (See *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524-525.)

We have said that a "contract entered into by a local government without legal authority is 'wholly void,' ultra vires, and unenforceable." (*Midway Orchards v. County of Butte* (1990) 220 Cal.App.3d 765, 783.) Promissory estoppel cannot be asserted against a public entity to bypass rules that require contracts to be in writing or be put out for bids, rules which reflect a public policy to preclude oral contracts or other exposures to liability, including claims of promissory estoppel. (See, e.g., *Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 316-317 [" 'neither the doctrine of estoppel nor any other equitable principle may be invoked against a governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public.' [Citation.] We have stated that the competitive bidding statutes are ' "enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders, and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest" ' "] (*Kajima*); *Chaidez v. Board of Administration ETC*. (2014) 223 Cal.App.4th 1425, 1432 [public pension case, "estoppel does not apply to contravene statutory requirements"]; *Poway Royal Mobilehome Owners Assn. v. City of Poway* (2007) 149 Cal.App.4th 1460, 1476 [rejecting oral contract; "Numerous cases hold promissory

---

[3] As the County notes, in opposing the section 1038 motion, Ponte effectively agreed no other theory could succeed.

5

estoppel may not be raised against a public entity when it would defeat the public policy of requiring adherence to statutory procedures for entering into contracts"] (*Poway*).)

Although Ponte suggests emergencies may provide an exception to the rule, he conceded in the trial court that he could find no statute or ordinance regarding emergency contracts that covers this case, and he cites none on appeal. Nor does he cite authority suggesting a private party may declare a public emergency.

Our Supreme Court has left open a narrow window for the application of estoppel against public entities: " 'The courts of this state have been careful to apply the rules of estoppel against a public agency only in those special cases where the interests of justice clearly require it. [Citations.] However, if such exceptional case does arise and if the ends of justice clearly demand it, estoppel can and will be applied even against a public agency. *Of course, the facts upon which such an estoppel must rest go beyond the ordinary principles of estoppel and each case must be examined carefully and rigidly to be sure that a precedent is not established through which, by favoritism or otherwise, the public interest may be mulcted or public policy defeated.*' " (*Long Beach v. Mansell* (1970) 3 Cal.3d. 462, 495, fn. 30, italics added.)

Allowing promissory estoppel in this case would undermine ordinances setting rules for public contracts, which in part is to preclude oral contract claims. Therefore, this is not an "exceptional case" as contemplated by *Long Beach*. (See *Kajima, supra,* 23 Cal.4th at pp. 316-317; *Poway*, *supra*, 149 Cal.App.4th at pp. 1476-1477.)

D. *Contractor's Licensure*

Ponte contends it did not matter whether or not he was a licensed contractor. Because Ponte cannot demonstrate a viable claim for promissory estoppel, his purported lack of a contractor's license is immaterial.

## II

### *Costs Award*

Ponte contends that even if summary judgment were properly granted, the trial court erred by granting the County's motion for attorney's fees as costs. We disagree.

Section 1038 provides in part as follows:

> "(a) In any civil proceeding under the Government Claims Act . . . or for express or implied indemnity or for contribution in any civil action, the court, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment, . . . determine whether or not the plaintiff . . . brought the proceeding *with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law* which warranted the filing of the complaint . . . . If the court should determine that the proceeding was not brought in good faith *and* with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. An award of defense costs under this section shall not be made except on notice contained in a party's papers and an opportunity to be heard.

> "(b) 'Defense costs,' as used in this section, shall include *reasonable attorneys' fees*, expert witness fees, the expense of services of experts, advisers, and consultants in defense of the proceeding, and *where reasonably and necessarily incurred in defending the proceeding*." (Italics added.)

First, Ponte provides no record citations or legal authority in the portion of his opening brief addressing section 1038.[4] This procedural failure of itself forfeits his claim of error regarding the award of fees. (See *In re S.C., supra*, 138 Cal.App.4th at p. 408.).

Second, on the merits, we agree with the trial court's finding that County's motion was meritorious. As County points out, section 1038 provides public entities a statutory remedy akin to a malicious prosecution action--which is not available to a public entity

---

[4] He also consistently and erroneously cites the wrong section number in his opening brief.

7

because of the First Amendment right to petition the government--so that the public fisc is not saddled with unreasonable litigation costs. (See *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857; *Gamble v. Los Angeles Dept. of Water & Power* (2002) 97 Cal.App.4th 253, 258-259.)

In a case alleging a government tort claim, we explained as follows:

> "To avoid paying defense costs under section 1038, plaintiff must show he or she filed and pursued the action with 'reasonable cause *and* in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint, . . . ' [Citations.] The moving defendant must negate either good faith or reasonable cause in order to prevail. [Citation.]

> " '*Good faith*, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind [citations]: Did he or she believe the action was valid? What was his or her intent or purpose in pursuing it? . . . Because the good faith issue is factual, the question on appeal will be whether the evidence of record was sufficient to sustain the trial court's finding.' [Citation.] Under the express wording of section 1038, 'good faith' is linked to a belief in a '*justifiable controversy* under the facts and law . . . .' (Italics added.)

> " '*Reasonable cause* is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action. Once what the plaintiff (or his or her attorney) knew has been determined, or found to be undisputed, it is for the court to decide " 'Whether any reasonable attorney would have thought the claim tenable . . . .' " [Citations.] Because the opinion of the hypothetical reasonable attorney is to be determined as a matter of law, reasonable cause is subject to de novo review on appeal.' [Citation.]

> "Section 1038 applies not only to tort actions initiated in bad faith, but also to actions initiated in good faith but maintained in bad faith and without reasonable cause." (*Hall v. Regents of University of California* (1996) 43 Cal.App.4th 1580, 1585-1586.)

With these standards in mind, we address Ponte's two skeletal arguments as to why he should not have to reimburse County for its litigation costs in this case.

Ponte first argues that "when one is out $150,000.00, Plaintiff does not believe trying to collect it is 'bad faith.' It's normal behavior motivated by a hope to get paid." That may show Ponte's subjective desire to be paid, but does not establish an objectively

8

reasonable basis for this *lawsuit*, such that any reasonable attorney would have thought the claim tenable, as required. Here, there was no such basis established.

Ponte next argues that because there is an exception to the government contracting rules for emergency situations, he "does not believe it is an unreasonable act to try to get paid even if the standard is [an] 'exceptional case or set of facts.' " But he provides no authority showing an emergency provision that applied to this case, nor any authority showing that a member of the public may classify such an emergency, and he does not deny that no emergency had been declared by County. Absent a declared emergency, and some statute or ordinance authorizing work in such circumstances absent compliance with normal public contracting procedures, no reasonable attorney would believe there was a tenable basis for this lawsuit, which, as we have explained, is based only on a purported oral agreement between Ponte and a County employee.

In his reply brief, Ponte contends the "peculiar" circumstances--including County's failure to demur to the last complaint--establish his reasonable belief in the merits of the action. Even were we to consider this belated argument, we fail to see how the County's failure to demur yet again somehow made Ponte's claim objectively reasonable.

The trial court properly found no reasonable attorney would have thought the claims made were legally tenable.[5] Therefore a section 1038 award was appropriate.

---

[5] Counsel's opposition in the trial court alleged *subjective* good faith, but presented no plausible explanation why any reasonable attorney would have believed this lawsuit was objectively tenable. Contrary to implications in Ponte's reply brief, and appellate counsel's assertions at oral argument, the County made clear to Ponte's counsel that this case was baseless because Ponte had no written contract with the County. It did not rest its defense solely on the contractor's licensure issue, which we do not reach.

## DISPOSITION

The judgment is affirmed.  Ponte shall pay County's costs of this appeal.  (See Cal. Rules of Court, rule 8.278(a).)  The trial court shall determine County's reasonable attorney fees on appeal and include them as part of County's appellate cost award.  (See *Gonzalez v. ABC Happy Realty* (1997) 52 Cal.App.4th 391, 393-395.)


                                                     /s/
                                         Duarte, J.


We concur:


_____/s/_____
Butz, Acting P. J.


_____/s/_____
Renner, J.

Filed 8/15/17

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| DENNIS PONTE, | C079180 |
| Plaintiff and Appellant, | (Super. Ct. No. 12CV38597) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| COUNTY OF CALAVERAS, | |
| Defendant and Respondent. | |

1

The opinion in the above-entitled matter filed on July 17, 2017, was not certified for publication in the Official Reports.  For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.


FOR THE COURT:


_____/s/_____
Butz, J., Acting P. J.




_____/s/_____
Duarte, J.




_____/s/_____
Renner, J.

2

EDITORIAL LISTING

APPEAL from a judgment of the Superior Court of Calaveras County, Grant V. Barrett, Judge. Affirmed.

Law Offices of Kenneth M. Foley and Kenneth M. Foley for Plaintiff and Appellant.

Caulfield Law Firm and Andrew T. Caulfield for Defendant and Respondent.