Filed 12/15/20  P. v. Cason CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B303938 |
| Plaintiff and Respondent, | (Super. Ct. No. NA057126) |
| v. | (Los Angeles County) |
| BRANDON LAMONT CASON, | |
| Defendant and Appellant. | |

Brandon Lamont Cason appeals from the trial court's denial of his petition for resentencing.  (Pen. Code,[1] § 1170.95.) He contends the court erred when it denied his petition because: (1) it relied on hearsay, (2) it applied the wrong standard of proof, and (3) there was insufficient evidence that he acted with reckless indifference to human life.  We affirm.

---

[1] Further statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL HISTORY
*The underlying crimes*

In October 2000, Cason and four other members of a Los Angeles criminal street gang were at a friend's house. (*People v. Cason* (Mar. 26, 2007, B187189) [nonpub. opn.] 2007 WL 891292 at p. *2 (*Cason*).)  After talking about committing a robbery, Cason and three others left, saying that they were going to a nearby liquor store. (*Ibid.*)  The fifth gang member briefly followed, but then turned around and returned to the friend's house. (*Ibid.*)

Ten minutes later, one of the gang members shot and killed the owner of a liquor store as the victim tried to drive away in a van, ripping the victim's wallet from his pants pocket in the process. (*Cason, supra*, 2007 WL 891292 at pp. *1-2.)  A witness in a nearby car heard the gunshots and saw two men who had been sitting at a bus stop outside the liquor store—Cason and another gang member—run toward him. (*Id.* at p. *1.)  Cason yelled, "Get him!"[2]  (*Ibid.*)  They shot at his car as he sped away, hitting his left shoulder. (*Ibid.*)  The witness survived the shooting. (*Ibid.*)

Cason and the others ran back to their friend's house and tried to force their way inside. (*Cason, supra*, 2007 WL 891292 at p. *2.)  She refused to let them in and called 911 instead. (*Ibid.*)  During a subsequent interview, the friend told police that Cason and four other gang members had been at her house that night. (*Ibid.*)  They ran down the street after

---

[2] While our prior opinion did not make clear who yelled this, Cason now concedes that he did.  We accept the concession. (*Ponte v. County of Calaveras* (2017) 14 Cal.App.5th 551, 555.)

gunshots were fired. (*Ibid.*) She did not tell police that Cason and the others had discussed a robbery. (*Ibid.*)

Several witnesses reported hearing the gunshots and seeing young men flee from the liquor store. (*Cason, supra*, 2007 WL 891292 at p. *2.) Police detained Cason and two others, but no witness was able to identify them that night. (*Ibid.*) The witness who was shot as he drove away later identified Cason from the clothes he was wearing. (*Ibid.*)

After he was arrested for robbery and murder, Cason told a detective that he was a junior gang member who was required to do "street level" crimes for the gang. (*Cason, supra*, 2007 WL 891292 at p. *2.) He initially denied that he was involved in the murder of the liquor store owner, and claimed that he and the other gang members were at their friend's house when the shooting occurred. (*Ibid.*)

Cason later admitted that he and three of his fellow gang members were responsible for the shooting at the liquor store. (*Cason, supra*, 2007 WL 891292 at p. *2.) The four had planned the crime together, but one of the others was the "mastermind." (*Ibid.*) Cason said that he acted as the lookout during the shooting, but refused to describe anyone else's role. (*Ibid.*) He later recanted his admission and said that he wanted to stick with the first version of events he told the detective. (*Ibid.*)

*Trial and appeal*

A jury convicted Cason of first degree murder (§§ 187, subd. (a), 189, subd. (a)), second degree robbery (§ 211, 212.5, subd. (c)), and attempted murder (§ 664/187, subd. (a)). (*Cason, supra*, 2007 WL 891292 at p. *1.) The jury also found true a robbery-murder special circumstance allegation (§ 190.2, subd.

3

(a)(17)(A)), and allegations that Cason committed his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that a principal personally and intentionally discharged a firearm causing great bodily injury or death (§12022.53, subds. (d) & (e)). (*Cason*, at p. *1.)  The trial court sentenced him to life in state prison without the possibility of parole on the murder, a consecutive seven years on the attempted murder, and a consecutive 25 years to life on the firearm enhancement.  (*Ibid.*)

On appeal, we rejected Cason's request to vacate the jury's true finding on the robbery-murder special circumstance allegation due to insufficient evidence that he acted with reckless indifference to human life.  (*Cason*, *supra*, 2007 WL 891292 at p. *8.)  Cason admitted to the detective that he planned the robbery of the liquor store with his fellow gang members.  (*Ibid.*)  And that robbery was "committed while [the liquor store owner] was driving away in his van, making it more likely that deadly force would have to be used to effectuate the taking of any property." (*Ibid.*)  Additionally, Cason either shot or aided and abetted the shooting of the primary witness to the robbery-murder.  (*Ibid.*) From this evidence a reasonable jury could infer that Cason was "at the very least recklessly indifferent to human life."  (*Ibid.*)

We nevertheless vacated the jury's finding.  (*Cason*, *supra*, 2007 WL 891292 at p. *9.)  To find the special circumstance allegation true, the jury was required to conclude that Cason either had the intent to kill or acted with reckless indifference to human life.  (*Id.* at p. *7.)  But the trial court's instruction on the allegation omitted any reference to reckless indifference.  (*Ibid.*)  The jury could thus have made a true finding if it determined that Cason simply "aided and abetted a robbery that resulted in the death of a human being."  (*Id.* at p.

4

\*8.)  Such a finding was not permitted, and the error could not be deemed harmless:  Even though the jury could infer that Cason acted with reckless indifference by helping to plan and carry out the liquor store robbery, the evidence "was not so overwhelming" that it conclusively showed that he did.  (*Ibid.*)

*Section 1170.95 proceedings*

The trial court issued an order to show cause and held a formal hearing on Cason's petition for resentencing pursuant to section 1170.95.  After reviewing the parties' moving papers as well as this court's opinion on direct appeal, and after hearing arguments from counsel, the court concluded that Senate Bill No. 1437 (S.B. 1437)—the legislation that added section 1170.95 to the Penal Code—was constitutional.  It then found that Cason acted with reckless indifference to human life and denied his petition.

DISCUSSION

*Section 1170.95 resentencing*

In 2018, the Legislature enacted S.B. 1437 to "amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish these goals, S.B. 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189.  (Stats. 2018, ch. 1015, §§ 2-3.)  It also added section 1170.95, which permits those convicted of felony murder to petition to have their murder convictions vacated and to be resentenced on any remaining counts.  (Stats., ch. 1015, § 4.)

5

A convicted defendant may petition for resentencing where the information allowed prosecutors to proceed under a theory of felony murder, the defendant was convicted of first or second degree murder, and the defendant could not now be convicted of murder under the amendments to sections 188 and 189. (§ 1170.95, subd. (a).) If the defendant files a petition declaring that they meet these requirements (*id.*, subd. (b)(1)(A)), the trial court must determine "whether [they have] made a 'prima facie showing [that they] "fall within the provisions" of the statute.' [Citation.]" (*People v. Offley* (2020) 48 Cal.App.5th 588, 596-597, alterations omitted; see § 1170.95, subd. (c)). If the defendant makes that showing, the court must appoint counsel, if requested, and permit the prosecution to respond to the petition. (*Offley*, at p. 597.) If the moving papers show that the defendant may be eligible for relief, the court must "issue an order to show cause and hold a hearing to determine whether to grant the petition and resentence [them]." (*Id.* at p. 597.)

At that hearing, prosecutors must prove, beyond a reasonable doubt, that the defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) In doing so, they "may rely on the record of conviction or offer new or additional evidence." (*Ibid.*) If they do not meet the standard of proof, "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the [defendant] shall be resentenced on the remaining charges." (*Ibid.*)

*Hearsay statements*

Cason first contends the trial court erroneously denied his resentencing petition because it relied on hearsay statements in our opinion on direct appeal. We disagree. Cason did not object to the court's reliance on our opinion during the

6

proceedings below. His contention is therefore forfeited. (*People v. Stevens* (2015) 62 Cal.4th 325, 333.)

In any event, a trial court may look to a prior appellate opinion when ruling on a section 1170.95 resentencing petition. (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, 16, review granted Oct. 14, 2020, S264033.) And if Cason believed that that opinion misstated the facts, he could have raised that issue in a petition for rehearing. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 660.) He did not do so. Thus, even if our opinion were "hearsay," it was sufficiently reliable to be considered in the proceedings below. (Cf. *id.* at pp. 660-661 [proper to rely on prior appellate opinion when ruling on section 1170.126 resentencing petition].)

*Standard of proof*

Cason next contends the trial court applied the wrong standard of proof when it determined that he acted with reckless indifference to human life. But again, Cason forfeited his contention by failing to raise it in the proceedings below. (*In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412.)

And even if there were no forfeiture, we would reject the contention. We presume the trial court was aware of and applied the correct standard of proof when it ruled on Cason's resentencing petition. (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-915.) Cason does not attempt to rebut that presumption, but instead claims that even if the court applied the correct standard of proof it applied that standard to the facts set forth in our prior appellate opinion—facts that were "ascertained . . . under a sufficiency-of-the-evidence standard of review" rather than proven beyond a reasonable doubt. But when ruling on Cason's petition, the court stated that it was sitting as a "trier of

fact." And all parties agreed—both in their moving papers and at the hearing—that the court had to find that prosecutors proved beyond a reasonable doubt that Cason could still be convicted of murder under the amended versions of sections 188 and 189 before it could deny his resentencing petition. That the court relied on our prior opinion when it made that finding does not show that it applied the wrong standard of proof. (See *People v. Lopez* (2020) 56 Cal.App.5th 936, 951-952 [parties' arguments and trial court comments show court applied correct standard].)

*Sufficiency of the evidence*

Finally, Cason contends there was insufficient evidence that he acted with reckless indifference to human life. This contention lacks merit.

A defendant acts with reckless indifference to human life if they are ""'subjectively aware that [their] participation in [a] felony involve[s] a grave risk of death.'" [Citations.]" (*People v. Banks* (2015) 61 Cal.4th 788, 807, alterations omitted.) This requires the defendant to be "aware of and willingly involved in the violent manner in which [a] particular offense is committed." (*Id.* at p. 801.) To determine whether the trial court correctly concluded Cason acted with such awareness and willingness, "we look to whether the prosecution . . . introduced sufficient evidence of ""reasonable, credible, and of solid value"" to 'support a finding beyond a reasonable doubt'" that he did. (*People v. Clark* (2016) 63 Cal.4th 522, 618 (*Clark*).) In making our determination, we consider factors such as: (1) how many firearms were used during the robbery, whether Cason knew that they would be used, and whether he personally used one; (2) whether Cason was present during the robbery and, if so, whether he helped to restrain the crime or aid the victim; (3) the duration of the

8

robbery; (4) whether Cason knew that one of his fellow gang members would likely kill; and (5) Cason's efforts, if any, to minimize the possibility of violence during the robbery. (*Id.* at pp. 618-623.) "'[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient.' [Citation.]" (*Id.* at p. 618.)

Here, four of the five factors delineated in *Clark* support a finding that Cason acted with reckless indifference to human life. First, at least two firearms were used during the robbery-murder: one to shoot the liquor store owner, and another to shoot the witness in a nearby car. Cason may have used the latter firearm to shoot the witness. (See *Cason, supra*, 2007 WL 891292 at p. *6.) But even if he didn't, it is rationally inferred that he knew that it would be used: An expert testified at Cason's trial that his gang "functioned by selling drugs and *committing shootings*, burglaries, and robberies." (*Id.* at p. *3, emphasis added.)

Second, Cason was present during the robbery-murder, but did not seek to restrain his accomplices' crimes. Instead, he furthered their ability to rob and shoot the liquor store owner by acting as a lookout and working to eliminate a potential witness. He then failed to render aid to the victim, despite his ability to do so.

Third, it is rationally inferred that Cason knew of his accomplices' propensity to kill given his active role in planning the robbery and the expert's testimony that shootings were one of his gang's primary activities.

Finally, Cason did not make any efforts to minimize the possibility of violence during the robbery-murder. To the contrary, he *increased* the level of violence when he instructed his

9

fellow lookout to "get" a nearby witness and then chased after the man.

Considered together, these factors provide sufficient evidence to support the trial court's finding that Cason acted with reckless indifference to human life. (See, e.g., *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490; *In re Loza* (2017) 10 Cal.App.5th 38, 52-55.) Denial of his resentencing petition was accordingly proper.

DISPOSITION

The trial court's order denying Cason's petition for resentencing pursuant to section 1170.95, entered January 6, 2020, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.


10

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

      Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

      Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.