Filed 10/18/21  Craig v. Cardona-Morales CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SAMUEL C. CRAIG, JR., | D077969 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2018-00049181-CU-FR-CTL) |
| MARIA DEL REFUGIO CARDONA-MORALES et al. | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.

Samuel C. Craig, Jr., in pro. per., for Plaintiff and Appellant.

Santa Cardona, Francisco Cardona, Eva Lopez, in pro. per., for Defendants and Respondents Santa Cardona, Francisco Cardona, Eva Lopez.

No appearance for Defendants and Respondents Heliodora Craig, Maria del Refugio Cardona-Morales, Marta Cardona, Mary Esther Craig, Jesus Coronado, and Michaela Coronado.

DISCUSSION

Plaintiff Samuel C. Craig, Jr. sued the estate of his father's widow and several members of her family alleging intentional interference with expected inheritance, constructive trust, fraud, and conversion in connection with the probate of his deceased father's will.[1] The trial court dismissed the lawsuit after finding it was duplicative of a prior lawsuit Craig filed concerning the same subject matter (Super. Ct. No. 37–2015–00010184–CU–MC–CTL). In the prior lawsuit, the trial court rendered judgment against Craig because his claims were time-barred—a judgment this court affirmed on appeal. (*Craig v. Cardona* (Feb. 8, 2018, D070310) [nonpub. opn.].)

Craig appeals the judgment of dismissal. He contends the trial court erred by failing to give him proper notice and an opportunity to contest whether the present lawsuit is in fact duplicative of the prior lawsuit. Additionally, he argues he requested leave to amend the complaint and the trial court erred by denying his alleged amendment request.

Defendants Francisco Cardona, Santa Cardona, and Eva Lopez filed a respondent's brief and the remaining defendants did not do so. We do not treat the failure to file a respondent's brief as an admission of error; rather, we consider the record and Craig's arguments to determine whether reversal is required. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; Cal. Rules of Court, rule 8.220(a)(2).)

When considering Craig's arguments, we remain mindful that he is a self-represented litigant. However, we treat him the same as any other party and grant him the same consideration as other litigants and attorneys, but no more. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) "The same rules

---

[1]    The defendants include Heliodora Craig, Maria del Refugio Cardona-Morales, Marta Cardona, Mary Esther Craig, Francisco Cardona, Santa Cardona, Eva Lopez, Jesus Coronado, and Michaela Coronado.

apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205; see *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 [self-represented "litigants are held to the same standards as attorneys"].)

Applying these standards, we conclude the judgment of dismissal must be affirmed for three reasons.

*First*, Craig's opening brief is filled with factual assertions unsupported by citation to the appellate record. This violates California Rules of Court, rule 8.204(a)(1)(C), which states: "Each brief must … [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Because most of Craig's factual assertions are not supported with citations to the appellate record, his claims of error are waived.[2] (*Young v. Fish and Game Com.* (2018) 24 Cal.App.5th 1178, 1191 [" '[I]f a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived.' "]; *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record"].)

*Second*, Craig's opening brief includes a standard of review heading, states a de novo standard of review applies to rulings "regarding the applicability of a statute of limitation [sic] defense," and cites legal standards

---

2     The appearing defendants filed a motion to augment the appellate record with various items including court records from the prior lawsuit and provisions of the Probate Code. We denied the motion in relevant part, but stated we "may construe the motion as to the … items as a request for judicial notice, and consider such request during the pendency of the appeal." We now decline to take judicial notice of these items, as they are unnecessary to the disposition of the appeal.

governing the propriety of a grant of summary judgment. But the present appeal has nothing to do with these inapposite issues; it concerns the correctness of the trial court's order dismissing Craig's complaint as duplicative and denying his alleged request for leave to amend. " 'Arguments should be tailored according to the applicable standard of appellate review.' [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit.' " (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; see *Ponte v. County of Calaveras* (2017) 14 Cal.App.5th 551, 555 [rejecting claim of error in part because party omitted "any discussion of the appropriate standard of review"].)

*Third*, Craig makes no cogent arguments and provides no relevant legal authorities to support his claims of error. He cites no legal authorities at all in support of his claim that the court deprived him of proper notice and an opportunity to be heard, and he cites only general legal standards for the proposition that there is a strong policy favoring allowance of amendment to complaints. He has not included the complaint from the prior lawsuit in the appellate record, nor has he provided the amendment request he purportedly filed in this case. Further, he has not explained what amendments to the complaint, if any, could be made to remedy its defects. Craig's claims of error are waived based on his failure to support them with cogent analysis and relevant legal authorities. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."]; *Brown v. Garcia* (2017) 17 Cal.App.5th 1198, 1207 [plaintiffs "supplied neither relevant authority nor cogent legal analysis to support [their] claim, so it [was] forfeited"].)

4

DISPOSITION

The judgment is affirmed.  Francisco Cardona, Santa Cardona, and Eva Lopez are entitled to their appellate costs.  All other parties are to bear their own appellate costs.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.